Marshall, Ch. J.,
 

 delivered the opinion of the court. — This was an ejectment, brought by the plaintiffs in error against the defendant, in the * , circuit court of the United States for the district of Columbia. *The ' -* plaintiffs, who are the heirs of John Peltz, gave the title of their ancestor in evidence.
 

 The defendant then proved, that the land for which this ejectment was brought, was sold under a decree of the circuit court for the district of Columbia, and purchased by him, he being the highest bidder. That he gave his notes to Charles Glover and John Davis, the trustees appointed to make the sale under the decree ; was put into possession of the premises by them ; had paid nearly all the purchase-money, and declared his readiness to pay the residue, on receiving a title. He also gave in evidence a deed of mortgage, executed by John Peltz, in his lifetime, conveying the premises to Frederick Gammar.
 

 The plaintiffs then proved, that a decree for the foreclosure and sale of the mortgaged premises had been obtained by the representatives of the mortgagee. The defendant, acting under the advice of one of the trustees, appointed to execute this decree, paid in part for his purchase, the money
 
 *311
 
 due upon the mortgage, and the return showed the admission of the mortgagee, that it was settled. The plaintiffs prayed the court to instruct the jury, that this mortgage was not an outstanding title which could bar the plaintiffs’ right to recover. The court refused to give this instruction, and the plaintiffs excepted to its opinion. The jury found a verdict for the defendant, and the judgment rendered on that verdict has been removed into this court by writ of error.
 

 It is undoubtedly well settled, as a general principle, that a court of law will not permit an outstanding satisfied mortgage to be set up against the mortgagor. This is fully proved by the cases cited in argument by the counsel for the plaintiffs. Tet the legal title is not technically released, by receiving the money. This rule must then be founded on an equitable control exercised by courts of law over parties in ejectment. It would be contrary to the plainest principles of equity and justice, to permit a stranger, who had no interés! in the mortgage, to set it up, when it had been satisfied by the mortgagor himself, to defeat his title. But if this stranger had himself paid it off, if this mortgage had been bought in by him, he would be considered as an assignee, and might certainly use it for his protection. *In the case at bar, the defendant is the owner of the equitable estate, and has paid off the mortgage, on his own account, and for L his own benefit. This incumbrance, under these circumstances, is the property of him to whom the estate belongs in equity. The reason of the rule does not apply to the case. We do not think, that the mortgagor, his interest having been sold under a decree of court, could demand a reconveyance from the mortgagee to himself, the mortgage being satisfied by the purchase under that decree. There is no error in the judgment of the circuit court; and it is affirmed, with costs.
 

 This cause came on to be heard, on the transcript of the record from the circuit court of the United States for the district of Columbia, holdenin and for the county of Washington, and was argued by counsel: On consideration whereof, it is considered, ordered and adjudged by this court, that the judgment of the said circuit court in this cause be and the same is hereby affirmed, with costs.