### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT SAVANNAH,

# JANUARY TERM, 1860.

Present—JOSEPH H. LUMPKIN,
LINTON STEPHENS,   } Judges.
RICHARD F. LYON.

ABNER SUTTON, plaintiff in error, vs. DUNCAN McLEOD, defendant in error.

[1.] 51st Common Rule of Practice maintained.

[2.] To authorize the presumption ·that land granted by the State in 1795 had reverted, there must be proof that neither the grantee nor any one claiming under him, has been known or heard of for such a length of time as to warrant the conclusion that the land was abandoned, or that the heirs of the grantee had become extinct, or that it had been escheated on account of the alienage of the grantee, or for some other cause.

[3 ] To defeat the plaintiff in ejectment, the defendant may show a paramount title outstanding in another, without connecting his possession with that title.

Ejectment, in Emanuel Superior Court.   Tried before Judge HOLT, at September Term, 1859.

This was an action, under the form prescribed by the Act of 1847, brought by Abner Sutton against Duncan McLeod,

for the recovery of a tract of land situated in the county of Emanuel, containing five hundred and ninety acres.    The defendant pleaded the general issue and the statute of limitations.

At the trial, on the appeal, plaintiff offered in evidence a copy grant (having accounted for the loss of the original) to John Kersey, and a deed from Kersey to plaintiff.    He then offered in evidence a plat of the premises made by the county surveyor, which covered the premises in dispute, and which premises were covered by the grant to Kersey, and embraced in the deed from Kersey to plaintiff; proved that defendant was in possession at the commencement of the suit, and about fifteen acres had been fenced by defendant five years before.    Here plaintiff closed.

Defendant offered in evidence two copy grants and plats to Isaac Perry, dated 28th November, 1795, covering the land in dispute, having first laid a foundation for their introduction as prescribed by 51st Rule of Court.

Defendant also made oath that he got his brother to search for the originals.    Plaintiff objected to the introduction of said copies.    The Court overruled the objection, and admitted the copies in evidence; to which ruling plaintiff excepted.

Defendant proved that his possession began eight or nine years before suit was commenced, but the witness refused to state or name the year; that this possession was on the Perry land, but not on that part in dispute; that the land in dispute had been known as the "Perry" land for twenty years.

Defendant then proved that he purchased the land in dispute at Sheriff's sale, together with a large body of land known as the "Perry" land, in the year 1847, under executions against Joseph Perry, and that the Sheriff executed to him two deeds for said land, each conveying five hundred acres.

Defendant then offered in evidence the deeds executed by the Sheriff, dated 3d August, 1847, as color of title.

After the evidence was closed, plaintiff requested the Court to rule out the Sheriff's deeds, on the ground that there was no evidence of seven years' possession prior to suit brought. The Court refused to exclude said deeds, and plaintiff excepted.

Counsel for plaintiff then requested the Court to charge the jury as follows:

1st. That there being no evidence of possession for seven years, under the Sheriff's deed, they cannot consider those deeds in making up their verdict.

The Court refused so to instruct the jury, but charged them that the deeds were offered as color of title only, and they must find that the defendant had held adversely under them, seven years, *before* said deeds could be made available as title.

2d. That as to the grant to Isaac Perry, upon which defendant relies to show title out of the plaintiff, unless they find that there is some one claiming under said grant, and that there is a valid, subsisting, outstanding title in some one who claims under Perry, that the plaintiff cannot be defeated.

3d. That the grant to plaintiff is *prima facie* good, and can only be defeated by some one who claims under the older grant to Perry.

4th. That defendant not claiming under Perry, the grant to him is not available as a defence against defendant.

All of which the Court refused to charge, but in relation to the last request, charged that, if the jury found from the evidence that the grant to Kersey was for the same land which had been previously granted to Perry, it was void, unless the State had in some legal way resumed the title, which had passed out of it by the first grant; and that the resumption of title must be shown by the plaintiff, as defendant could not be called upon to prove a negative; that the State could not rightfully grant the same land twice.

5th. Counsel for plaintiff requested the Court to charge the jury, that though Perry's grant was issued in 1795, yet

he may have died without heirs and the land escheated, or he might have abandoned it, and that it devolved upon defendant, who relied upon his title to protect him, to show either that he had sold the land, left heirs, or had not otherwise abandoned title, and that the land had not escheated.

This charge the Court refused, but charged, that it having been shown that the land was granted in 1795, to Isaac Perry, the State could not rightfully grant it again to Kersey, and his grant is void, and plaintiff claiming under him must show, in order to avail himself of Kersey's grant, that Perry's title had escheated or been abandoned.

The Court further charged the jury, that possession is the best evidence of title; that if they believe that defendant has been in possession of the land more than seven years, next preceding the commencement of this suit, under the deeds from the Sheriff, then plaintiff's right is barred—but this was a question of fact to be determined by the jury. That a defendant in ejectment might defeat a plaintiff, by showing title out of him in a third party. That if defendant had shown a grant to Isaac Perry, in 1795, then the title of the State had passed out of it and vested in Perry, and the younger grant, under which plaintiff claimed, was a nullity. To which charge and refusal to charge plaintiff excepted.

The jury found for the defendant.

Whereupon, plaintiff's counsel tendered his bill of exceptions, assigning as error the rulings, decisions, charges and refusals to charge aforesaid.

Wm. B. Gaulden, for plaintiff in error.

John T. Srewmake, *contra.*

*By the Court.*—Lumpkin J. delivering the opinion.

[1.] The preliminary proof submitted to the Court, was sufficient, according to the 51st Common Law Rule of Practice, with which we are not disposed to interfere, to entitle the defendant to introduce the copy grants to Isaac Perry.

[2.] We see no error in the Court's refusing to charge, as asked by plaintiff's counsel, that the presumption was, that the title to the land in controversy had reverted to the State before the younger grant issued.    There was no proof offered by the plaintiff to raise such a presumption, and the burden was upon him.    For any thing that appeared to the contrary, Isaac Perry, the original grantee, may have been living in Emanuel county when this case was tried.

The old grants bear date in 1795.    Had proof been made that the grantee had not been known in that section of the State, from that time down, or for a half century, or any other long series of years, nor his heirs at law or representatives, or any one claiming said land as his, the jury would have been justified in presuming that the land had reverted to the State before it was re-granted in 1845.    For I hold, that every reasonable presumption should be made against these old land titles.    The public peace, as well as justice to private rights which have intervened, demand the enforcement of this policy to the fullest extent.

We think the verdict of the jury, as originally rendered in this case, was sufficient.    There was no impropriety, however, in directing it to be amended.    In finding for the defendant the premises in dispute, they find that portion of the land covered by both the old and new grants.

We are of the opinion, however, that it was error in the Court to refer it to the jury to find that the defendant would be protected by his statutory title, provided he had held possession of the land seven years, under his Sheriff's deeds, when there was not a particle of proof to authorize such a verdict.    On the contrary, the utmost limit to which the evidence went, was that he may have occupied the land six years before the action was brought.    This then should not have been submitted to the jury as an open question, but they should have been instructed, as a matter of law, upon the

facts proven and undisputed, that the defendant had wholly failed to sustain his statutory title.

