CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
This is an action for the recovery of real property, instituted by Samuel Borden against Bartlett & Cromwell. The plaintiff exhibited on the trial a complete chain of title back to the commonwealth. The defendants showed no color of title in themselves, but exhibited to the court, to whom the cause had been submitted without the intervention of a jury, a deed of mortgage executed and delivered by the plaintiff to Jas. M. Borden on the 19th day of February, 1857, to secure the payment of a debt of $1,600, due two years from the date of the mortgage. There was proof tending to show that this debt had not been paid, and its collection was not presumptively barred by lapse of time at the date of the institution of the action.
Judgment was rendered for the plaintiff on this state of facts, and the defendants have appealed to this court. They insist that the legal title to the land in controversy is in the mortgagee, and that to authorize a recovery in ejectment it is indispensably necessary that the plaintiff shall hold the legal title to the estate upon which his right of possession is founded. That such was in general the common-law rule we do not doubt. It is also clear that anterior to the adoption of the Civil Code of Practice the mortgagee could recover in ejectment against the mortgagor after the non-performance of the condition of the mortgage.
The case of Brookover v. Hurst (1 Metcalfe, 665) is not necessarily in conflict with the idea that such an action can not be maintained against the objection of the mortgagor under our present system of practice. There the action was commenced before the forfeiture of the mortgage, and the *47 mortgagee must have based his right of recovery on some fraudulent or wrongful act about to be committed by the debtor.
In the recent cases of Douglass, &c. v. Cline, &c. (12 Bush, 608) and Huston Johnson v. Strow this court held that the mortgagor may at will defeat an action for the recovery of the mortgaged property after forfeiture by interposing a prayer for redemption, and asking a transfer of the action to the equity side of the docket, where the mortgagee must be content with the sale of the estate in pledge and such incidental relief as he can have under the provisions of sec. 329, Civil Code.
The old doctrine that the mortgagee is the owner of the estate has long since been exploded. He merely holds the title as a security, and for a specific purpose, and the mortgagor remains the owner, and prima facie entitled to the possession until foreclosure and sale. Hence, when a third party enters without right upon the possession, the trespass is primarily an injury to the mortgagor, and in an action to eject the wrongdoer he is the real party in interest. It would no doubt be proper to join the mortgagee as a co-plaintiff; but as he is not entitled to the possession, and holds no iiiterest in the estate hostile to that of the mortgagor, he can not be regarded as a necessary and indispensable party.
“The rule that a plaintiff in ejectment can not recover premises, the title to which is in a third person, does not apply where the outstanding title is a mortgage; and a mortgagor may maintain ejectment against one who claims by a conveyance in fee-simple absolute from the mortgagee.” (1 Hilliard on Mortgages, page 165, 4th ed.)
When the complete equitable estate and the right of possession conjoin in the same person, he will not be denied relief at law merely because the naked legal title may be held by a person not a party to the action. (Thomas v. Harkness and wife, 13 Bush, 23.)
*48 A defendant, without color of right in himself, can not defeat a recovery of real property by a plaintiff who has made out a case of ownership and immediate right to the possession, by showing the legal title to be outstanding in another, who holds in trust for the plaintiff, and who, so far as he is interested at all, will be benefited by his success, or, as the rule was pithily stated by Lord Mansfield, “Nor shall a man defend himself by any estate which makes part of the title of the lessor.” (Goodtitle ex dem. Hart v. Knott, 1 Cowper, 43.)
The judgment of the court below must be affirmed.