ROBINSON *et al. vs.* ALEXANDER *et ux.*

1. Where a defendant files equitable pleas setting up facts upon which the jury are to pass, they may return a verdict covering the facts, which will be sufficient and legal, if it decides the issues in the trial so that a decree may be moulded thereon.

2. One party to an issue being dead, the other is an incompetent wit-ness as to what passed between them.

3. Nor can such a witness testify as to what was reported to her by other parties as coming from the deceased.

4. A party having an absolute deed as security for a debt, may recover in ejectment; nor can the maker of the deed defeat a recovery by merely setting up a partial payment of the debt. An equitable plea for that purpose should go further and tender the balance, or allege some good reason why it would be inequitable for him to be ejected, with a proper prayer for relief.

5. As full and complete equity can be done by upholding the verdict (it being supported by the testimony), and giving directions for the guidance of the court below, it will be so ordered.

Equity. Verdict. Practice in the Superior Court. Witness. Evidence. Pleadings. Ejectment. Before Judge HOOD. Early Superior Court. April Term, 1879.

Reported in the decision.

E. C. BOWER, for plaintiffs in error.

R. H. POWELL, for defendants.

CRAWFORD, Justice.

In April, 1873, J. W. Alexander gave Bird & Robinson his note for $1,369.42, and a mortgage on certain lands to secure its payment. Failing to pay the money, the mortgage was foreclosed in October, 1874, the land levied upon and sold in March, 1875, bought by Bird & Robinson for $50.00, and the sheriff made them a deed.

On the sixth day of April, 1875, the defendant in the mortgage, J. W. Alexander, and his wife, A. A. Alexander, conveyed by deed the same land—there being some irregularities in the foreclosure of the mortgage—together with some other lands, to Bird & Robinson, who gave a bond, conditioned to reconvey to A. A. Alexander upon the payment of the original note of J. W. Alexander.

In the year 1877 Bird & Robinson—Alexander's note being still unpaid—brought their action of ejectment to recover the land, relying both upon the deed from the sheriff under the mortgage sale, and the deed made by Alexander and wife.

The defendants pleaded: 1. The general issue. 2. That the sheriff's deed was void for want of legal service of the rule *nisi*. 3. The sale was void because the land sold for only $50.00, when it was worth one thousand. 4. That the last deed was but a mortgage without consideration, void because usurious, and that the signatures were procured by fraud. 5. Payment of $1,000.00 by A. A. Alexander on a debt of J. W. Alexander. 6. That the deed was procured by duress.

Upon the trial the jury returned a verdict for the de-

fendants on the issues made as to the deeds, and that their possession under them was legal, and they further found the sum of $1,240.00 to be due to Bird & Robinson on the note for the payment of which the mortgage was given, and upon the payment of which Bird & Robinson had obligated themselves by bond to reconvey the land.

A motion was made for a new trial on various grounds, which was refused, and this court is called on to consider and adjudge the errors therein alleged, which are:

1. That the verdict is contrary to law in not specifying on which plea found. Upon this ground we hold that where the pleas filed by a defendant are such as are known in our practice as equitable, setting up facts upon which the jury, under the charge of the court, are to pass, they may return a verdict covering the facts, which will be sufficent and legal if the issues made in the trial are decided by such verdict, and capable of having a decree moulded thereon. The verdict in this case comes within the above rule.

2. That the court erred in allowing Alexander to testify to facts transpiring between Bird, one of the plaintiffs, who was dead, and himself. To have allowed this testimony to be admitted was error under the evidence act of 1866, as well as under the rulings of this court.

3. That Mrs. Alexander was permitted to testify to facts as coming to her from Bird, and told her by Alexander and Powell.

Such testimony was clearly inadmissible to affect Bird or Robinson; first, because it was only hearsay, and second, because if it had been directly from Bird that she claimed to have had the facts testified about, his death and her being the other party to the suit and cause of action, were sufficient to have excluded them.

4. That the plea of payment of $1,000.00 on the debt for which the deed was given, should have been stricken, unless accompanied by a tender of the balance due on the note.

This court has ruled that a party having an absolute

deed as a security for a debt may recover in ejectment, although partial payments may have been made on the land. Where a defendant sets up an equity in the way of partial payment, the same falling short of his full liability, will not avail him by itself alone; he should go further and relieve himself by a tender, or such other just and equitable reasons as would show that although in default, he wanted nothing inconsistent with his original contract. Such as that he is from his poverty unable to pay the balance due, and that the land is worth over and above that sum, or that he has by improvements put upon the land so greatly increased its value, that to eject him without allowing him an opportunity for compensation would be inequitable, and concluding with a proper prayer for relief. For want of some other allegation, therefore, in connection with partial payment, the same was demurrable and should have been stricken.

5. There are other errors complained of as to the rulings of the court, and which might, in connection with those already considered, justify a reversal of the judgment in refusing a new trial. But after a thorough examination of the testimony, and due consideration of the findings by the jury, we think that their verdict should be upheld, especially so, as full and complete equity may be meted out to the parties and end the litigation. We therefore affirm the judgment of the court below in refusing a new trial, and under §§ 218 and 4284 of the Code, order and direct that a final decree be entered up on the verdict rendered to the effect that the lands sued for be advertised and sold by the sheriff, as in cases of sales under execution, and after paying all costs, and the sum of $1,240.00 with interest thereon from the date of the finding by the jury of said verdict, to the plaintiffs, that then the balance be paid over to Amanda A. Alexander, the defendant, she being the person to whom they bound themselves to reconvey the land upon the payment of the note.

Judgment affirmed with directions.