Cecil & Thrasher *vs.* Gazan.

---

## CECIL & THRASHER *vs.* GAZAN.

A deed to land, or a bill of sale to personal property, given to secure a debt, passes the title and protects the property again t all liens created by contract 'or judgment thereafter, and this whether the wife's consent was previously obtained, or whether the conveyance was recorded.

Judgments. Lien. Registry. Before Judge HAN-SELL. Brooks Superior Court. May Term, 1880.

Reported in the decision.

D. W. ROUNTREE, by brief, for plaintiffs in error.

J. A. ALBRITTON, by brief, for defendant.

HAWKINS, Justice.

On November 7th, 1880, an attachment in favor of defendant in error against M. B. Young was issued and

levied on two certain mules, to which plaintiffs in error on the same day filed their claim. At the September quarterly term, 1879, of Brooks county court, judgment was rendered finding the property aforesaid subject to the attachment, and an appeal was taken from said decision in the claim case. On the trial of the attachment case at the March quarterly term, 1880, of Brooks county court, a verdict was rendered and a judgment issued thereon against said property. At the May term, 1880, of Brooks superior court, the claim case came on to be tried on the appeal. The aforesaid attachment, with the judgment and levy entered thereon, was admitted in evidence over the objection of claimants' counsel for the reasons in the motion for new trial specified.

Plaintiffs in error relied on an instrument absolutely conveying the said two mules to them, there being no defeasance in or out of the instrument, and no bond for title or other stipulation for a reconveyance, and the possession and control of the mules remaining in the grantor, the said M. B. Young. The object of the conveyance was to secure a debt, and the note which was the evidence thereof was before the jury.

The conveyance and note, copies of which are given in the brief of evidence, were not recorded, and plaintiff testified on the trial that he had no notice whatever of said papers until after the levy of his attachment.

Under the charge of the court, which is set forth in the bill of exceptions, the jury rendered a verdict finding said property subject to the attachment.

A motion for a new trial on the grounds therein stated, was made and overruled, and claimants excepted.

The charge of the court was, that the bill of sale was intended by the parties to be a mere security for a debt, a mortgage lien, and did not pass title as against creditors, that it would not bind the mules so as to prevent them from being subject to the attachment unless executed with the formality of law, record, etc. Whatever may

have been the law heretofore, it is now settled by the adjudications of this court, that a deed to land, or a bill of sale to personal property, given to secure a debt, and so intended by the parties, passes the title and protects the title against all liens created by contract or judgment thereafter, and this is true, whether the wife's consent was previously obtained, or whether the deed or bill of sale was recorded. See 62 *Ga.*, 623, and cases there cited.

We therefore hold the court erred in its charge to the jury, and grant a new trial in the case.

Judgment reversed.