*J. S. Hurt, B. D. Lacy, for appellees.*

---

## Elizabeth McDowell et al. v. H. B. Wiseman.

[Abstract Kentucky Law Reporter, Vol. 3—332.]

**Recovery in Ejectment.**

A party in an ejectment suit must recover, if at all, upon the strength of his own title, and can not do so upon the weakness of his adversary's title.

**Injunction.**

Injunction is an appropriate remedy to prevent trespasses and the carrying away of timber, and to settle a controversy and avoid a multiplicity of suits.

### APPEAL FROM ESTILL CIRCUIT COURT.

October 20, 1881.

Opinion by Judge Hargis:

The bond from Baker to King, dated March 12, 1855, was assigned from one purchaser of the land embraced by it to another, until Estes finally became the owner and sold the land and assigned the bond to the appellee on the 15th of February, 1860. He has had possession of the land actually embraced by this bond since the last named date, and prior thereto the other persons above referred to occupied the land after the execution of the bond.

The appellants are living on the land adjacent to that contained in the boundary described in the bond. Their title came from Moses Henry and others to Samuel McDowell, and the deed from the former to the latter contains the correct boundaries of the lands of appellants.

The appellants and appellee are each entitled to all the lands embraced by their said title papers, which can be distinguished by a marked or well defined boundary. There is no confusion

in their boundaries except where they bind upon each other, and the surveyor's report, with the attending and consistent evidence, establishes with reasonable certainty that the appellee's boundary extends to Wiseman's Gap, and covers the land in controversy not embraced in said deed from Henry to McDowell.

It is true that a party must, in ejectment, recover upon the strength of his own and not upon the weakness of his adversary's title, but in this case the appellee has shown a right to possession and complete equitable title to the land with marked and well defined boundaries, and he is therefore entitled to recover under the rule laid down in *Bartlett v. Borden,* 13 Bush (Ky.) 45. There seems to be no question in this case other than the establishment of the true line between the lands of the parties. Their title and possession to that line are unquestioned, and we are of the opinion that the weight of the evidence sustains the judgment of the court in establishing the line as claimed by the appellee.

The trespasses alleged were frequent, and the timber taken composed a part of the permanent value of the land, and in order to avoid a multiplicity of suits and stay the permanent injury to the land the appellee adopted the appropriate remedy in filing his petition in equity and suing out an injunction.

Wherefore the judgment is *affirmed.*

*I. N. Caldwell, for appellants.*

*J. B. White, for appellee.*