Jackson, C. J.
1. Although money may have been loaned by a bank on a draft with bills of lading attached, and although the contract may have been embodied in the draft, yet if the facts and circumstances show that the borrower gave it with the- bills of lading attached, with the intent to deceive and defraud the bank, and the bank became aware of this, it had the right to repudiate the draft as void and sue upon an account for money loaned; and so doing, it had the right to put in evidence the draft with the bills of lading attached and follow these with letters written by the drawer to the drawees, showing his intention to appropriate the goods or their proceeds to other uses than to pay the money loaned by the bank. This evidence was not objectionable on the ground that the money was loaned on this draft, given at the time; that it contained the contract on which suit should have been brought, and that there could be no recovery on it because it made a contract conditional upon presentation for acceptance and notice of dishonor, which was not shown.
(a) Fraud vitiates all contracts. Misrepresentation, designed to deceive, or which actually dSceives the other party, may constitute it. Any artifice designed to mislead is sufficient evidence of it. It is subte, and slight circumstances are sufficient to carry conviction of it. Code, §§2634, 2751.
2. Letters from the drawer to the drawees, directing them to send the money for which the property was sold to the drawer directly, and their checks in response, with no allusion to the money borrowed from the bank, and the draft and bills of lading deposited to secure it, were admissible to show the intent throughout the transaction to cheat the bank, as also was all that the drawer said touching his conduct, during the negotiation and afterwards.
3. There was no error to give in charge requests based upon the idea that the whole contract was in the draft, and therefore no suit could be maintained on account for the money loaned ; and that there could be no recovery out of the drawer without notice to him of the dishonor of the draft. Such requests should have been qualified with the proviso that there was no fraud in the drawer for the purpose of palm *446 ing off the written contract on the bank, with a view to cheat and defraud it.
McCutchen it Shumate ; Wm. H. Payne, for plaintiff in error.
J. H. Anderson ; R. J. McOamy, for defendant.
4. The real question is one of fraud or no fraud. The full charge is not given. No exception is taken to it. The refusal to change the written requests is the only error assigned connected with it; and the presumption in such cases is that the charge was right.
5. There being no motion for a new trial, the question whether the verdict is supported by the evidence is not before the court.
(a) There should not have been a nonsuit, under such an issue and such facts as are here presented. 65 Ga., 689.
Judgment affirmed.