## FLETCHER *v.* PERRY *et al.*

*Simmons, C. J.*—1. The execution of a deed offered in evidence cannot be proved by the testimony of the alleged maker, without introducing or accounting for the subscribing witnesses. *McVicker, adm'r,* v. *Conkle*, 96 *Ga.* 584, and cases cited.

2. Where on the trial of an action of ejectment it appeared that the premises in dispute had been granted by the State to one

not a party to the case, and there was no evidence showing title in the plaintiff through or under this person, or any possession by the plaintiff, or that the defendant claimed solely under a source of title common to that of the plaintiff, a verdict in the latter's favor was unsupported and ought to have been set aside on a motion for a new trial.          *Judgment reversed.*
December 2, 1895.

Ejectment. Before Judge Butt. Irwin superior court. April term, 1895.

There were two demises, one from Lucinda Gasset, sole heir at law of Jose V. Gasset deceased; the other from Lucinda, T. H., J. T., and F. L. Perry, heirs at law of O. H. Perry. The land sued for was lot 55 in the 3d district of Irwin county, containing 490 acres. Lucinda Perry having died and it appearing that the other plaintiffs were her only legal heirs, it was ordered that the case proceed in their name. There was a verdict for plaintiffs. Defendant's motion for a new trial was overruled, and he excepted.

For plaintiffs, Lucinda Perry testified: I was married to Joel Gasset, who died in Randolph county, Georgia, and was never married except to me. He had titles to the lot 'sued for. I saw the deed to said lot from P. W. Sharp, in my husband's possession. When he died I was his sole heir at law, and the deed came into my possession. I never saw the plat and grant to the land, but my husband told me that he had had it and that it had been destroyed. After my husband's death I confided the custody of my papers to my son T. H. Perry, and he sent the deed to Robert Raiford, as he told me. I have not seen it since. I know nothing more as to the plat and grant. Afterwards I married O. H. Perry for whom I bore four children. He is now dead. I never gave any person any power of attorney to sell the land. My last husband was never married except to me. My four children by him were, T. H. 34 years old, J. T. 30 years old, F. L. 25 years old, and one who died before naming. I never gave any person any

v 97-24 .

writing about the land.  I never saw any paper from Marcus Meechum to P. W. Sharp.—T. H. Perry testified: I never saw any deed concerning the land except one signed by P. W. Sharp to J. V. Gasset, which was a fee simple warranty title properly executed.  I do not remember the name of the witnesses.  I sent it to Robert Raiford about eleven years ago.  He is now dead.  He was to look after the land and protect the title.  I had paid all the taxes, but heard that it had been fraudulently sold for taxes.  I told Raiford to attend to it, and sent the deed and tax receipts to him, and get the matter straightened, and if he could sell it for its value, to do so.  J. C. Clemmons called on me and tried to get me to pay him some money that he had paid out as the purchase price at the tax sale of this land, but I would not pay him.  I do not know where the plat and grant and deed from Marcus Meechum to P. W. Sharp to the land are.  I have never seen either of them.—J. T. Perry testified, that he did not know where the last mentioned papers were, and never saw either of them; and that the power of attorney Raiford had was not witnessed by any officer.  T. H. Perry further testified, that his mother is now dead; and that Raiford told him that the paper he signed his mother's name to was a letter authorizing him to arrange the tax sale.  W. H. Killebrew testified, that he had never witnessed any power of attorney from Lucinda Perry to Robert Raiford, or any other paper about the land from her; and that to the best of his recollection he never witnessed any paper from any of the Perrys.  J. W. Harp testified, that to the best of his recollection he never witnessed any power of attorney from Lucinda Perry to Robert Raiford; that he remembered witnessing a power of attorney from T. H. Perry, authorizing some one, whose name he did not remember, to sell a lot of land somewhere, but did not remember the number of the lot or the county where it was situated.  T. R. Perry testified: Some years ago I was employed by Lucinda Perry and her heirs to look

after the land. I found that Fletcher, the defendant, was claiming it. I went out to the land and found a small field recently cleared and being cultivated, and learned it had been done by Fletcher. I saw Fletcher and informed him of my business. He said that he had bought the land from a Mr. Clemmons who had bought it from the widow Lucinda Perry, and that he had her deed to the land which Clemmons delivered to him. He got the deeds and showed them to me. Among the deeds were the power of attorney purporting to be made by Lucinda Perry to Robert Raiford, deed from Raiford to J. C. Clemmons made under this power of attorney, and from Clemmons to Fletcher, and also an old deed from a man by the name of Sharp (whose initials I do not remember) to Joel V. Gasset. Fletcher said, that after buying these deeds he went in possession of the lot under them and that purchase, that he went into possession under the Lucinda Perry deeds. I saw other deeds to the land; some that Fletcher showed me that came through his son Eb or Elbert; and he said they were no good now, that they had been gotten up to help him get the Perry titles from the Clemmons.

Defendant J. W. Fletcher introduced certified copy of the plat and grant from the State to Marcus Meechum, dated December 23, 1832; deed from Marcus Meechum to L. C. Dawson, dated June 4, 1861, recorded August 25, 1893; deed from L. C. Dawson to E. G. Fletcher, dated November 19, 1885; deed from John R. Clemmons to Jesse Clemmons, dated March 17, 1886; deed from J. C. Clemmons to J. R. Clemmons, dated November 29, 1880; and deed from Jesse C. Clemmons to defendant, dated March 17, 1886; all of which deeds purported to convey the lot in question. Defendant also introduced, as another chain of title: Power of attorney dated November 22, 1879, by Lucinda Perry to Robert Raiford, purporting to have been signed and executed in the presence of J. W. Harp, and of W. H. Killebrew, N. P. and ex off. J. P., giving

Raiford power to sell the land and execute title thereto in her name. Also, deed dated January 20, 1880, from Robert Raiford to Jesse J. Clemmons. Both the above deeds covered the property in question. Also, the same coming from his custody, deed from P. W. Sharp to J. V. Gasset, dated March 1, 1836, and recorded August 6, 1889. Also, a transferred tax *fi. fa.* against the land, and the deed made by the sheriff to defendant in accordance with the terms of sale thereunder. The *fi. fa.* was one of the "Goldsmith transferred tax *fi. fas.*" The *fi. fa.* and deed were properly recorded, and were dated in 1878. Defendant testified: The land was a wild lot when I bought it. I am the only one who has ever been in possession of it and the only one who has ever made any improvements on it. One Perry came to my house some years ago and wanted to see my titles to the land, and I showed it to him. The reason I bought the tax title was to keep from having a lawsuit. When I bought the land from Clemmons he turned over to me as a part of the papers and title the deed from Sharp to Gasset; this deed is a part of the title as coming from Lucinda Perry, the plaintiff, to Raiford and from Raiford to Clemmons.

The motion for new trial alleges: (1) That "the court erred in not permitting one Elbert Fletcher, a witness for defendant, to testify as to the execution of a deed made and executed by him; said deed being a link in the chain of title relied upon by the defendant; said Fletcher being then and there in court and ready to testify; and ruling out such deed as evidence of defendant's title." (2) Verdict contrary to law and evidence.

*Busbee, Crum & Busbee* and *B. M. Frizzell*, for plaintiff in error. *D. H. Pope* and *Tom Eason*, by *Harrison & Peeples*, contra.