(71 N. W. Rep. 132.)

---

BJORN S. BRYNJOLFSON *vs.* NORTHWESTERN ELEVATOR COMPANY.

Opinion filed April 29th, 1897.

**Chattel Mortgage—Proof of Execution—Evidence.**

> The execution of a chattel mortgage being put in issue, plaintiff, to prove the same, testified himself to the execution thereof by the mortgagor; but he did not call the subscribing witnesses, or prove that they were dead or resided out of the state, or that any effort had been made to secure their testimony. *Held,* under the common-law rule relating to proof of instruments to which there are subscribing witnesses, and our statutes applicable to such a case, the plaintiff has failed to prove the execution of the chattel mortgage by the best evidence, and that, therefore, it was error to receive it in evidence over defendant's objection.

Appeal from District Court, Pembina County; *Sauter,* J.

Action by Bjorn S. Brynjolfson against the Northwestern Elevator Company. Judgment for plaintiff. Defendant appeals.

Reversed.

*Ball, Watson & Maclay,* for appellant.

The complaint neither alleged that the mortgage had been properly filed or that defendant had actual notice of its existence. The attachment of the copy of the mortgage to the complaint did not constitute it a part of the pleading. *Mayor* v. *Signoret,* 50 Cal. 298; *Miller* v. *Miller,* 19 N. W. Rep. 251; *Sprague* v. *Wells,* 50 N. W. Rep. 535; *Aultman* v. *Siglinger,* 2 S. D. 442; *Johnson* v. *Ins. Co.,* 6 Pac. Rep. 729; *Penrose* v. *Ins. Co.,* 66 Fed. Rep. 253. It was error to receive the mortgage in evidence over objection because not proved by either of the attesting witnesses thereto. Stephen's Dig. Ev. Art. 69, n. xxx; Best on Ev. § 215 n.; Cobbey Chat. Morts. § 402; Abbotts Tr. Ev. 505.

*W. J. Kneeshaw,* and *M. Brynjolfson,* for respondent,

The practice of pleading to the merits and then at the trial raising an objection in the nature of a demurrer is not favored by the courts. *Beauman* v. *Bean*, 23 N. W. Rep. 451; *Ry. Co.* v. *Crockett*, 24 N. W. Rep. 219. Objections should be taken by demurrer and if delayed until trial all intendments are against the party making them. *Barton* v. *Gray*, 12 N. W. Rep. 30; *State* v. *School District*, 8 Pac. Rep. 208; *Potter* v. *Taggart*, 11 N. W. Rep. 678; *Pefley* v. *Johnson*, 46 N. W. Rep. 710; *Peasley* v. *McFaddin*, 10 Pac. Rep. 179; §§ 5283–5300, Rev. Codes. Where a pleading has attached to it an exhibit, all facts appearing in the exhibit are a part of the petition. *Wells* v. *Wilcox*, 28 N. W. Rep. 29; *Savings Bank* v. *Burns*, 38 Pac. Rep. 102, 104 Cal. 473, 102 Cal. 473; *Ins. Co.* v. *Stewart*, 42 N. E. Rep. 290; *Dunlop* v. *Eden*, 44 N. E. Rep. 560; *Grimes* v. *Cullison*, 41 Pac. Rep. 355; *Coldham* v. *American C. Co.*, 8 Ohio Cir. Ct. Rep. 620; *Caspary* v. *City*, 24 Pac. Rep. 1036; *U. S. Mortgage Co.* v. *Henderson*, 12 N. E. Rep. 88; *Loeb* v. *Barris*, 13 At. Rep. 602; *Emeric* v. *James*, 6 Cal. 155. By proper reference to them the exhibits and their contents become a part of the complaint. *Hays* v. *Dinnis*, 39 Pac. Rep. 658; *Murphy* v. *Harris*, 57 Ill. App. 351. The mortgage was proved by a person present who saw it executed by the mortgagor and attesting witnesses. This was sufficient proof. *Krom* v. *Vermillion*, 41 N. E. Rep. 539, 143 Ind. 75; *Thompson* v. *Lenth*, 62 N. W. Rep. 842; Abbotts Tr. Ev. 505.

CORLISS, C. J. We are compelled to reverse the judgment in this case for error of the court in receiving in evidence an instrument purporting to be a chattel mortgage, without calling the subscribing witnesses thereto, or either of them, or in any manner accounting for the failure to produce them, or either of them, on the trial. They were not shown to be dead or out of the jurisdiction of the court; nor was an effort to secure their presence on the trial shown. At the time the instrument referred to was offered in evidence, there was nothing in the case to show that these witnesses were not within reach. They may have been in the court room during the trial, so far as this record throws any light

on the subject. The action being instituted by a chattel mortgagee for the conversion of mortgaged property, it is manifest that due proof of the mortgage was indispensable, the answer having put in issue the allegation of the complaint relating to the execution of such mortgage. It is true that the plaintiff himself testified that he was present, and saw the alleged mortgagor sign the instrument. But the rule at common law was well settled that no amount of proof would establish the execution of an instrument to which there were subscribing witnesses, unless it was shown that they were dead, or were beyond the jurisdiction of the court, or their evidence could not, for some reason, be obtained. Their evidence was regarded as the best evidence; and therefore such evidence must, at common law, be produced, or the inability of the party to produce it be shown, before resort to other evidence would be permitted. While the reason for this rule has long since ceased to exist, the rule itself has been almost universally recognized, as being too firmly imbedded in the law of evidence to be wrenched therefrom by judicial decisions. Some of the courts which have most powerfully reasoned against its perpetuation as a rule of evidence have felt constrained to yield to its binding force in the absence of statutory change. If there is any case in which such rule should be applied, it is in a case involving the proof of an instrument required by law. to be attested by subscribing witnesses. This is true with respect to a chattel mortgage. Rev. Codes, § 4738. See, as sustaining the rule, the following authorities: 1 Greenl. Ev. § 569; *Fox* v. *Reil*, 3 Johns. 477; *Brigham* v. *Palmer*, 3 Allen, 450; *Barber* v. *Terrell*, 54 Ga. 146; *Warner* v. *Railroad Co.*, 31 Ohio St. 265; *Rex* v. *Inhabitants of Harringworth*, 4 Maule & S. 353; *Doe* v. *Durnford*, 2 Maule & S. 62; *Heckert* v. *Haine*, 6 Binn. 16; *Wishart* v *Downey*, 15 Serg. & R. 77; *McMahan* v. *McGrady*, 5 Serg. & R. 314; *Whyman* v. *Garth*, 8 Exch. 803; *Fletcher* v. *Perry* (Ga.) 23 S. E. Rep. 824; *McVicker* v. *Conkle*, (Ga.) 24 S. E. Rep. 23; *Lapowski* v. *Taylor*, (Tex. Civ. App.) 35 S. W. 934; *Barry* v. *Ryan*, 4 Gray, 523; *Glasgow* v. *Ridgeley*, 11 Mo. 34; *Hollenback* v. *Fleming*, 6 Hill, 306, Abb. Tr. Ev. 505.

The common-law rule appears to have embodied it in modified form in our statutes. Section 3579, Rev. Codes, provides that "proof of the execution of an instrument, when not acknowledged, may be made either: (1) By the party executing it, or either of them; or (2) by a subscribing witness; or (3) by other witnesses in cases mentioned in §§ 3581 and 3582." Section 3581, Rev. Codes, declares that "the execution of an instrument may be established by proof of the handwriting of the party and of the subscribing witness, if there is one, in the following cases: (1) When the parties and all the subscribing witnesses are dead; or (2) when the parties and all the subscribing witnesses are non-residents of the state; or (3) when the place of their residence is unknown to the party desiring the proof, and cannot be ascertained by the exercise of due dilligence; or (4) when the subscribing witness conceals himself, or cannot be found by the officer by the exercise of due dilligence in attempting to serve a subpœna or an attachment; or (5) in case of the continued failure or refusal of the witness to testify for the space of one hour after his appearance." In the case at bar none of the provisions of these statutes were complied with. The party alleged to have executed the chattel mortgage was not examined as a witness. The subscribing witnesses were not called. There was no proof that they were dead or resided beyond the limits of the state, or that the place of their residence was unknown to the plaintiff, and could not be ascertained by the exercise of due dilligence, or that they concealed themselves, or could not be found by the exercise of due diligence in attempting to serve a subpœna or attachment upon them. Nor did it appear that they had refused to testify for the space of one hour after being called as witnesses. It is perhaps not entirely clear whether the sections cited relate to the proofs of instruments upon the trial of cases, or whether their utmost scope is not to regulate the mode of proving instruments for the purpose of entitling such of them to record as require proof as a condition precedent to the recording therereof. We need not settle that point in this case, for the common-law

rule had not, when this case was tried, been abrogated in this state. With respect to future trials, this decision will not long be important, for the legislature has, at the suggestion of this court, entirely swept away the common-law rule, which for many years had been an anomaly in the law of evidence. Laws 1897, c. 79. It is immaterial that the chattel mortgage was acknowledged. This did not entitle it to be read in evidence without further proof. The statute permitting instruments which have been duly acknowledged to be received in evidence without additional proof relates to instruments affecting real property. Rev. Codes, § 5696.

All concur.