## ASHLEY *et al. v.* COOK.

1. A deed passing title to the grantee therein named, for the purpose of securing a debt, can; after the maturity of the debt, be set up as outstanding title to defeat an action of ejectment brought by one claiming under the grantor, if the possession of the defendant is connected with such title.

2. A purchaser at a void judicial sale had in pursuance of a judgment setting up a special lien under the provisions of a security deed is subrogated to whatever rights the holder of the security deed would have had had he acquired possession under his deed. While this doctrine would not be applicable in a case where there were no equitable pleadings invoking it for the purpose of determining the exact equities between the parties, still the facts that it could be made available for this purpose by proper pleadings is sufficient to connect the claim upon which the possession of such purchaser rests with the security deed in such a way as to authorize him to set up the same to defeat an action of ejectment brought against him by one claiming under the grantor therein.

3. The record of a suit in which a decree is rendered, establishing a copy of a lost deed and declaring that the same is established subject to the judgment and claim of one holding a security deed to the property from the same grantor, will not prevent the grantees in the lost deed, who are not parties, from using the same as evidence of their title, and at the same time attacking a sale thereafter had under the judgment rendered in favor of the holder of the security deed, on the ground that no reconveyance was made before the levy, when there is nothing in the pleadings or decree to show that it was intended that the decree should have the effect of dispensing with such reconveyance.

4. Though the failure of the grantor in a security deed, who is present at a sale under judicial process of the property therein embraced, to object thereto, may estop him from afterwards calling in question the regularity or legality of the sale, this will not preclude the owners of the equity of redemption in the property from so doing, when their right to such equity arose out of a deed from such grantor antedating the security deed but becoming inferior thereto on account of a failure to record.

5. In the present case the defendant did not, under the sheriff's sale, become the absolute owner of the property in controversy, being thereby simply subrogated to the rights of the holder of the security deed. The equities of the parties in the property as against each other are not determined in the present case.

Argued October 12, 1899. — Reargued January 16, — Decided January 30, 1900.

Complaint for land.　Before Judge Hart.　Laurens superior court.　January term, 1899.

*John M. Stubbs, Anderson, Felder & Davis, F. H. Burch, D. M. Roberts,* and *Alexander Akerman,* for plaintiffs.

*James K. Hines* and *T. L. Griner,* for defendant.

COBB, J. This was an action of ejectment brought by J. H. Ashley, Augustus Ashley, Lula Kreutz, and J. M. Ashley against W. J. Cook. The plaintiffs claimed under a deed from P. A. Ashley, executed in 1884, conveying the property in dispute to his wife Kate Ashley during her life, with remainder to her children. This deed was never recorded. Kate Ashley is dead, and the plaintiffs are her children. The defendant introduced in evidence a deed from P. A. Ashley to Mary L. Floyd Jones, dated April 13, 1885, conveying the property in controversy, and reciting that it was executed under section 1969 of the Code of 1882 (Civil Code, § 2771), to secure a debt which the grantor owed the grantee. This deed was duly recorded, and was accepted by the grantee without any knowledge of the prior execution of the deed above mentioned. At the time the security deed was executed the grantee therein made to the grantor a bond to reconvey the land upon payment of the debt. The debt was not paid at maturity, and the creditor, having obtained judgment, without having executed any reconveyance caused the execution to be levied on the property now in dispute. At a sale of the property, had pursuant to this levy, the property was bought by Cook, the defendant in this action, and the amount paid by him credited upon the execution. The judge directed a verdict in favor of the defendant, and the only question presented by the bill of exceptions sued out by the plaintiffs, in such a way that we can deal with the same, is whether or not he erred in so doing.

1. It was contended in the argument here that, although the defendant failed to prove title in himself, the deed from Ashley to Mrs. Jones constituted an outstanding paramount title in Mrs. Jones, and that the court was therefore right in directing a verdict for the defendant. According to the universally recognized rule of law, a plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of his adversary's; and hence, to defeat a recovery by the plaintiffs in the present case, it was only necessary for the defendant to show an

outstanding title in some person other than the plaintiffs, which was superior to that under which they claimed. *Sutton* v. *McLeod*, 29 *Ga.* 589; *Fletcher* v. *Perry*, 97 *Ga.* 369. To accomplish this purpose he introduced in evidence the security deed above referred to. It therefore becomes necessary to determine whether or not this security deed is such an outstanding title as will defeat a recovery by the plaintiffs.

The sheriff's sale under which Cook bought was absolutely void, because the grantee in the security deed had never made a reconveyance of the property to the grantor. *Upchurch* v. *Lewis*, 53 *Ga.* 621; *National Bank of Athens* v. *Danforth*, 80 *Ga.* 55 (6); *McCalla* v. *American Freehold Co.*, 90 *Ga.* 113 (5). But as Cook was in possession under a claim of right, he can not be properly regarded as a mere intruder, and hence the doctrine that such a person can not defeat an action of ejectment by showing outstanding paramount title in a stranger has no application whatever to him. See Tyler, Eject. 564; Newell, Eject. 654; *Sutton* v. *McLeod*, 29 *Ga.* 589; *Fletcher* v. *Perry*, 97 *Ga.* 369. In reference to the character of title necessary to support the defense of "outstanding title," in an action of ejectment, the author last cited says: "It is incumbent on the defendant, if he relies upon an outstanding title for the purpose of defeating the action, to positively and clearly establish such title as an actual subsisting and better title than the plaintiff's title—such a title as would enable the third party himself to maintain an action for the possession of the lands in controversy against both the plaintiff and defendant." Page 653, § 15, and cases cited. See also Industrial Co. v. Schultz, 43 W. Va. 470; Ruesens v. Lawson, 91 Va. 226; Wilcher v. Robertson, 78 Va. 602; Lessee of Griffith v. Bradshaw, 4 Wash. (U. S.) 171. A deed made to secure a debt passes title. *Williamson* v. *Orient Ins. Co.*, 100 *Ga.* 791, and cases cited. It has been held repeatedly by this court, that a recovery in ejectment may be had upon such a deed. *Carswell* v. *Hartridge*, 55 *Ga.* 412; *Biggers* v. *Bird*, 55 *Ga.* 650; *Cameron* v. *Phillips*, 60 *Ga.* 434; *Woodson* v. *Veal*, 60 *Ga.* 562; *Robinson* v. *Alexander*, 65 *Ga.* 406; *Oellrich* v. *Georgia Railroad*, 73 *Ga.* 389. It is true that the statute (Civil Code, § 5432) gives another remedy, that is, to obtain a judgment on the debt, re-

convey to the grantor, levy on and sell the land; but the remedy thus given is by no means exclusive. *Dykes* v. *Mc Vay,* 67 *Ga.* 502; *Hines* v. *Rutherford,* 67 *Ga.* 607. There are also numerous decisions to the effect that a judgment against the grantor in a security deed executed before such judgment was rendered had no lien upon the land embraced in the deed, which could be enforced by levy and sale, until the title became revested by redemption. *Phinizy* v. *Clark,* 62 *Ga.* 623; *Cecil* v. *Gazan,* 65 *Ga.* 689; *Groves* v. *Williams,* 69 *Ga.* 614; *Osborne* v. *Hill,* 91 *Ga.* 137. ·

Mrs. Jones could certainly, after a default in payment by the grantor, maintain ejectment on this deed against him or any one else who was in possession. The fact that the property was sold by the sheriff and a sum of money equal to the larger portion of her debt credited on her execution would not have the effect of destroying the title which she held nor of transmitting the same back to the grantor, and therefore would not at law be a sufficient defense in an action of ejectment brought by her. Indeed, a partial payment of the debt by the grantor himself would be no defense to such an action brought against him. *Robinson* v. *Alexander,* 65 *Ga.* 406. When a security deed is executed and delivered, the legal title to the property therein described vests in the grantee and remains there until the debt is paid and the security deed cancelled in the manner prescribed by law for the cancellation of mortgages (Civil Code, § 2774), or a reconveyance is made by the grantee to the grantor, or there has been a judgment recovered on the debt, a reconveyance filed and recorded, and a sale made by the sheriff under a lawful and regular levy. Until one or the other of the methods above mentioned is pursued, the legal title remains in the grantee in the security deed. The fact that the grantee had sued the grantor on the debt and obtained judgment thereon would not of itself revest the title, it being essential to accomplish such purpose that the suit and judgment should be followed by a reconveyance, levy and sale. It would seem from the foregoing, that a defendant in ejectment might under certain circumstances be permitted to sustain the defense of paramount outstanding title by proof of a security deed.

As the plaintiffs in this case claim under the grantor in the security deed, the question arises as to whether that deed would be available to the defendant as evidence to support a defense of paramount outstanding title.   There has never been a ruling by this court on the question as to how far a security deed can be so used in an action of ejectment; and as such deed and the incidents attaching to the same seem to be peculiar to our law, of course we can not find in other jurisdictions any ruling bearing directly upon the point.   However, as our security deed is very similar in its nature to a mortgage at common law, rulings made by the English courts and other courts in this country dealing with the common-law mortgage may be resorted to as furnishing a guide as to what is the status of the security deed of our statute.   In some jurisdictions in which a mortgage passes title it has been held that an unsatisfied mortgage can not be set up as outstanding title to defeat an action of ejectment brought by the mortgagor or one claiming under him, the mortgagor, until ousted by the mortgagee, being treated, as to all the world except the mortgagee, as the owner of the property.   Peltz v. Clark, 5 Pet. 481; Oldham v. Pfleger, 84 Ill. 102; Emory v. Keighan, 88 Ill. 482; Bartlett v. Borden, 13 Bush, 45.   It has also been held that a defendant in an action of ejectment can not set up as outstanding title an unsatisfied mortgage, when he not only does not connect his title with such mortgage but claims adversely to both the mortgagor and the mortgagee.   Woods v. Hilderbrand, 46 Mo. 513, s. c. 2 Am. R. 513; Johnson v. Houston, 47 Mo. 227; Hardwick v. Jones, 65 Mo. 54.   See also, in this connection, Newell, Eject. 656.

The rulings above referred to seem to be supported by reason.   If the grantor in a security deed should be dispossessed, even by one under a claim of right and therefore not such a person as would be precluded from availing himself of the defense of outstanding title, it would seem that the rule which would allow such person to set up, against an action of ejectment brought by such grantor on his prior possession, that the grantor had no title but that his creditor was the holder of the title, would be unreasonable and unjust.   As to all the world except the grantee the grantor in the security deed is the owner of the

property; and not even the grantee himself can maintain ejectment before the debt is due which the deed is given to secure; and even after the debt is due the grantee is not compelled to bring ejectment. It would therefore seem right and proper that no person should be allowed to use this title in any way to interfere with the rights of the grantor in the deed, whatever they may be, unless the person relying thereon connects himself in some way with the deed.

2. Treating Cook as being in possession under a claim of right and not as a trespasser or intruder, the next question to be determined is, whether he has connected himself in such a way with the security deed held by Mrs. Jones as to avail himself of the same as a defense to the action. The code declares that "A purchaser at a void or irregular judicial sale under foreclosure of a mortgage succeeds to all of the interests of the mortgagee." Civil Code, § 5471. The section just cited simply applies to purchasers at mortgage foreclosure sales the equitable doctrine of subrogation, but the principle upon which it is based, and the reasoning of the decision from which it is taken (*Dutcher* v. *Hobby,* 86 *Ga.* 198) is sufficiently broad to include judicial sales had in pursuance of a judgment rendered setting up a special lien under the provisions of a security deed. See Sheldon, Sub. § 13; *Merchants & Mechanics Bank* v. *Tillman,* 106 *Ga.* 55. It is contended, however, that as there is no equitable plea filed by the defendant, he can not avail himself of this principle. This objection is well taken so far as it would prevent the defendant from obtaining a decree which would settle for all time his rights as well as the rights of the plaintiffs in the land in question; but the fact that he would have a right in a proper case under proper pleadings to set up this equity of subrogation to the rights of the holder of the security deed is, we think, sufficient in the present case to connect the claim upon which his possession is based with the security deed in such a way as to make the title which the grantee in such deed holds available to him as outstanding title as against the plaintiffs. Treating it as now established that a defendant in ejectment who connects his possession with an outstanding title represented by a security deed can set up the same to defeat an action of eject-

ment, the question arises as to what are the rights of such person who has conclusively established such a defense, when his connection with the outstanding title is brought about by the fact that he purchased the property at a void judicial sale which was had at the instance of the holder of the security deed. The judgment in favor of the defendant on such a defense would certainly not have the effect of establishing that he was the sole owner of the property to the entire exclusion of the plaintiffs, when they are the successors in title to the grantor in the security deed, or when for any reason they are entitled in law to claim the equity of redemption which was in the grantor. The defendant is in possession by virtue of the fact that the amount of his bid at the sheriff's sale has been applied to the extinguishment, pro tanto, of the debt due by Ashley to the holder of the security deed. As he did not acquire title by virtue of his purchase at the sheriff's sale, his possession of the property under the circumstances gives him no more rights in the property than Mrs. Jones would have had if she had acquired possession after the debt had become due. Cook stands in the shoes of Mrs. Jones. He is entitled to hold the possession to the same extent for the same purpose only that she would have held it had she acquired possession. It is not necessary to determine in the present case what would be the exact measure of the rights of the parties inter sese growing out of the purchase by Cook and the application of his money to the partial discharge of the debt secured by the deed.

3. The plaintiffs introduced in evidence the record of a suit brought by Mrs. Kate Ashley against P. A. Ashley and Mrs. Jones. The petition alleged that P. A. Ashley, prior to the making of the deed to Mrs. Jones, executed a deed to the same property, which had been lost and was not recorded, and in which it was provided that Mrs. Ashley should have a life-estate therein and after her death the same was to go to her children, and that Mrs. Jones had notice of this deed when she obtained her deed; and prayed that a copy of the lost deed be established, and that Mrs. Jones be enjoined from selling the land under a judgment which she had obtained against P. A. Ashley. A consent decree was rendered in this suit, which pro-

vided that a copy of the lost deed be established, and that the title to the land therein described be in Mrs. Ashley during her life and after her death to her children, but subject to the lien of the judgment in favor of Mrs. Jones. The children of Mrs. Ashley, who are the plaintiffs in the present action, were not parties to the case. It was claimed that the effect of this decree was to declare that the deed of Mrs. Jones was in every way and for every purpose superior to the deed to Mrs. Ashley and her children, and that the plaintiffs, having used the record as evidence of their title, must, although not parties to the suit, allow the record to have its full force and effect. They were not parties to the suit, and therefore are not bound by the judgment as such. We do not think the record, fairly interpreted, would have the effect of precluding them from insisting that Mrs. Jones should proceed in the regular way to condemn the land to sale. The decree in effect says that the land is the property of Mrs. Ashley and her children, but that the same is subject to the claim of Mrs. Jones. There is not a hint, either in the pleadings or decree, that it was the purpose of the parties or the court to relieve Mrs. Jones from the necessity of complying with the strict terms of the law. Such being the case, it would seem that the plaintiffs, even if they had been parties, could have raised the objection to Cook's title which they have raised in the present case. It was further contended that the decree and record of the case above referred to obviated the necessity of a reconveyance from Mrs. Jones to Ashley, and that for this reason the sale was valid and Cook obtained a good title to the property. This contention gives to the decree a construction which is not authorized by its terms. But even conceding that it is, there is not an allegation or a prayer either in the petition or the answer which would authorize such a decree.

4. As P. A. Ashley was present at the sale and made no objection, and as the proceeds of the sale were applied to a valid lien against him, he is bound by the sale notwithstanding the same was void. Civil Code, § 5472. But as the claim of the plaintiffs rested upon a conveyance from him which was made not only prior to the sale but prior to the date of the security deed, the fact that he would be bound by the sale would not

.affect them.   Their claim is simply subordinated to that of the holder of the security deed under the operation of the registry laws.    It would indeed be a hardship upon them if, after they have already been so seriously wronged by the conduct of P. A. Ashley, they should be defeated by his conduct at the sale occurring long after he had parted with the title to the property. At the time of such conduct he was neither owner of the property nor had any interest whatever therein.    What he did at such a time ought certainly not to affect the rights of the owners of the property.

5.  Under the view we take of the case, the defendant is not in possession as the absolute owner of the property, but simply has such rights as the holder of the security deed would have had had she acquired possession under her deed.    Our ruling goes no further than to hold that the defendant has failed in all his defenses, save the one which sets up the outstanding title in Mrs. Jones, and that this is available to him to maintain possession only to the extent she could have maintained the same had she been in possession under her deed.    What are his equities, and what are the equities of the plaintiffs against him as successor of Mrs. Jones, are all questions not involved in the present case, and they can be hereafter determined in a proper proceeding upon sufficient pleadings.

*Judgment affirmed.    All the Justices concurring.*