### CATES *et al. v.* BENNETT, superintendent of banks.

The exception is on the refusal of the judge of the superior court to order the removal of the case to the Federal court on the grounds of diverse citizenship, and the fact that the amount involved exceeds three thousand dollars exclusive of interest and costs. The petition does not make it absolutely definite whether the suit is for the purpose of recovering two hundred dollars or ten thousand two hundred dollars. As we construe it, the petition proceeds for the purpose of recovering the latter sum. The judgment of the court is affirmed, provided the petitioner amends his suit so that it may proceed for the recovery of only the two hundred dollars assessment on stock; otherwise the judgment of the court shall stand reversed.

No. 4031. APRIL 17, 1924.

Petition to remove cause. Before Judge Park. Wilkinson superior court. October 15, 1923.

*S. P. New,* for plaintiffs in error.

*Walter DeFore* and *George H. Carswell,* contra.

GILBERT, J. The petition of Bennett, superintendent of banks, alleges a general indebtedness of C. H. Cates to the Peoples Bank

of Gordon, of $10,000; also an indebtedness of $200 on an execution issued by the superintendent of banks on an assessment of stock held by C. H. Cates. It also alleges, that while Cates was insolvent he made a fraudulent transfer of described real estate to his wife; that his wife had made a sale of this property for $3500, $500 of which was paid in cash, the balance being evidenced by promissory notes secured by mortgage. Cates and his wife are residents of the State of Florida. Other allegations are made with reference to contemplated payment by the purchasers of the notes, and that when the notes should be paid the money would be forwarded to Mrs. C. H. Cates. Prayers (e) and (f) of the petition are as follows: "That said conveyance from the said C. H. Cates to his wife, Mrs. C. H. Cates, be declared null and void, and said land subjected to the payment of the indebtedness of the said C. H. Cates in the event the sale from the said Mrs. Grimes to the said Kingery is not consummated through the receiver of this court as hereinbefore provided." "That your petitioner have such other and further relief in the premises as may to the court seem mete and proper." There is also a prayer for general relief. These allegations, in connection with the prayers, are sufficient to show that petitioner is seeking to obtain, in addition to the payment of the $200 execution, a money judgment against C. H. Cates for his indebtedness of $10,000, and also to subject to the payment of that debt the land that was alleged to have been fraudulently conveyed by C. H. Cates to his wife, the value of which land exceeded $3000. For an able and learned discussion of the subject of such removal of causes, we refer to *Withers* v. *Hopkins Place Savings Bank,* 104 *Ga.* 89 (30 S. E. 766); First National Bank of Columbus, Ohio, *v.* Louisiana Highway Commission, U. S. (44 Sup. Ct. 340), March 17, 1924.

Being a suit of that character, it must be held that the amount sought to be recovered from the defendant C. H. Cates, a resident of the State of Florida, exceeded $3000, and also that the property which petitioner seeks to have subjected to the payment of the debt exceeds the value of $3000, exclusive of interest and costs; and consequently the district court of the United States would have jurisdiction of the case. U. S. Comp. Stat. 1916, vol. 1, § 991, Par. 1 Judicial Code, section 24. The suit being by a resident of Georgia against citizens of Georgia and also citizens of Florida,

the case was removable, under the Federal statutes, upon the application of the defendants who were citizens of Florida, and the judge erred in refusing to grant the petition for removal.

It is insisted, however, by the defendant in error that the suit is proceeding solely for the purpose of collecting two hundred dollars assessed against C. H. Cates, the owner of two shares of stock in the insolvent Peoples Bank of Gordon, and that all other allegations in the petition are merely in aid of that purpose, the superintendent of banks having issued execution against Cates. The merits of the claim made in the suit are not now in issue. The able trial judge construed the petition in accordance with this contention. Paragraph 12 of the petition reads as follows: "That the said C. H. Cates was a stockholder in said Peoples Bank of Gordon in the amount of two hundred dollars ($200.00), and it became necessary for your petitioner to assess him as such stockholder one hundred per cent. on his stockholdings in said bank, but said assessment was not paid; and thereupon on the 3rd day of December, 1921, your petitioner as superintendent of banks for the State of Georgia, did issue an execution against the said C. H. Cates on his said stock liability to said bank, which said execution has been levied upon the above-described real estate." We construe the petition as a suit to collect the entire indebtedness alleged to be due by Cates, the several items amounting to a total of $10,200, besides interest. According to this construction which we have placed upon the petition, the cause should have been removed on petition. In view of the facts stated, it is ordered that the judgment of the court refusing to remove the cause be affirmed, provided the petitioner, on the filing of the remittitur of this court in the superior court of Wilkinson County, or within thirty days thereafter, amend the petition to the effect that recovery is prayed for only the two hundred dollars assessed against C. H. Cates as a stockholder in the bank, and not for the recovery of the other item mentioned in the petition. If such amendment is filed as herein provided, the judgment of the court shall stand affirmed; otherwise the judgment shall be reversed.

*Judgment affirmed, on condition. All the Justices concur.*