IRONS, receiver, *v.* AMERICAN NATIONAL BANK *et al.*

No. 9749.   December 13, 1933.   Rehearing denied January 18, 1934.

*Cotterill, Hopkins, Bryan & Ward, Smith, Smith & Bloodworth,* and *Coleman, Spain, Stewart & Davies,* for plaintiff.

*Bass, Berry & Sims, Brandon, Hynds & Tindall,* and *Weltner, Meadow & Russell,* for defendants.

Gilbert, J.   The case was previously before this court (*Irons* v. *American National Bank,* 175 *Ga.* 552, 165 S. E. 738), where there is a very full statement of the case as it then stood.   It is sufficient to state here, in regard to the former case, that the question was whether or not the petition was subject to general demurrer raising the question of jurisdiction of the court as to American National Bank, a foreign corporation domiciled at Nashville, Tennessee.   The trial court sustained the demurrer to the petition as then amended, in the following order:   "After argument, the demurrer of the defendant, the American National Bank of Nashville, Tennessee, and the amendment to its demurrer, are sustained on all grounds that pertain to the jurisdiction of this court, and this case is dismissed as to said American National Bank of Nashville, Tennessee, and the restraining order against defendant Cater, restraining him from paying to said American National Bank of Nashville, Tennessee, the note described in the petition, are dissolved; the plaintiff by amendment having stricken his prayers for injunction against the American National Bank of Nashville, Tennessee."   The judgment was affirmed.   After stating the general rule "that courts of this State have no extraterritorial jurisdiction," this court said:   "Applying the foregoing rules to the facts of this case, the court did not err in sustaining the demurrer 'on all grounds that pertain to the jurisdiction of the court,' and in dismissing the petition as to American National Bank of Nashville, Tennessee."   On the return of the remittitur to the superior

court, the judge of that court "entered on his own motion an order requiring the American National Bank to be made a party in the cause as set up by plaintiff's petition as amended, and requiring it to be served by publication in terms of the law." Obviously the judge proceeded according to his construction of the Civil Code (1910), § 5554.

To the petition as amended the American National Bank again demurred on substantially the same grounds as those contained in the record of the case when it was formerly before this court.

Counsel have prepared and set out in a brief of plaintiff in error, and for the convenience of the court, in parallel columns each paragraph of the original petition, with the corresponding paragraph of the amended petition. The brief states that such matter as was eliminated from the original petition by amendment has been underlined, and such matter as was added by the amended petition has also been underlined. This brief is a commendable effort on the part of counsel to aid in a proper understanding of the pleadings. The two petitions in parallel columns follow, except that the answer of defendant Cater, which is copied in full in the petition now before the court, is omitted.

ORIGINAL PETITION

Georgia, Fulton County:
To the Superior Court of said state and county.

The petition of Lewis A. Irons, as ancillary receiver of the Citizens Life Insurance Company under appointment from the United States District Court for the Northern District of Georgia, respectfully shows to the Court the following facts:

1. The plaintiff herein is Lewis A. Irons, as ancillary receiver of the Citizens Life Insurance Company, who brings this suit by leave of the Court first had and obtained, under which he was appointed.

2. The defendants herein are respectively Dr. C. C. Cater, sometimes known as C. C. Cater Jr.; *American National Bank, a corporation;* Southern Insurance Company, a corporation; and Standard Life Insurance Company, a corporation of Atlanta, Georgia.

3. Dr. C. C. Cater is a resident of Fulton County, Georgia.

4. American National Bank is a banking corporation incorporated under the act of Congress known as the national bank act, having its principal place of business at Nash-

AMENDED PETITION

Georgia, Fulton County:
To the Superior Court of said state and county.

The petition of Lewis A. Irons, as ancillary receiver of the Citizens Life Insurance Company under appointment from the United States District Court for the Northern District of Georgia, respectfully shows to the Court the following facts:

1. The plaintiff herein is Lewis A. Irons, as ancillary receiver of the Citizens Life Insurance Company, who brings this suit by leave of the Court first had and obtained, under which he was appointed. *Your petitioner was appointed ancillary receiver by order of the District Court of the United States for the Northern District of Georgia on the 3rd day of July, 1930, pursuant to a petition filed by Mrs. Ida V. Williams, et al., who were each and all residents of the State of Georgia, and beneficiaries and/or certificate holders of certificates of insurance originally issued by the Masons Annuity, which certificates were first reinsured by the Southern Insurance Company and subsequently reinsured by the Citizens Life Insurance Company, an Alabama insurance corporation of Huntsville, Alabama.*

2. The defendants herein are respectively Dr. C. C. Cater, sometimes known as C. C. Cater Jr., Southern Insurance Company, a corporation; and Standard Life Insurance Company, a corporation of Atlanta, Georgia.

3. Dr. C. C. Cater is a resident of Fulton County, Georgia.

4. American National Bank is a banking corporation incorporated under the act of Congress known as the national bank act, having its principal place of business at Nash-

ville, Davidson County, Tennessee, and having no place of business, nor any officers or agents upon whom service of process can be effected within the limits of the State of Georgia.

5. Southern Insurance Company is a corporation, incorporated under the laws of Tennessee, having its principal place of business in Nashville, Davidson County, Tennessee; but said corporation has an agent, designated for service, within the confines of the State of Georgia, to wit: G. C. Thomas, a resident of Fulton County, Georgia, upon whom service of process can be effected.

6. The Standard Life Insurance Company is a corporation organized under the laws of the State of Georgia, but not now engaged in the business of life insurance; is a dormant corporation, having no public place within the limits of the State of Georgia, or elsewhere, for doing business, and has no individual in office within the limits of the State of Georgia, or elsewhere, upon whom service of writs or process may be perfected, within the knowledge of the plaintiff, or any other party, and plaintiff alleges that it is necessary that service be perfected upon the said dormant corporation as provided by law in Code Section 2261, Park's Code of Georgia.

7. On May 6, 1921, the defendant, Dr. C. C. Cater, alias C. C. Cater Jr. executed to the Standard Life Insurance Company a certain security deed, securing a principal indebtedness of $7,000, together with interest on the said principal at the rate of 6½% per annum, payable semi-annually. In the said deed, the said defendant conveyed as security for said indebtedness the following tract or parcel of land situated and being in the County of Fulton, State of Georgia, being lot 10, block 46,

ville, Davidson County, Tennessee, and having no place of business, nor any officers or agents upon whom service of process can be effected within the limits of the State of Georgia.

5. Southern Insurance Company is a corporation, incorporated under the laws of Tennessee, having its principal place of business in Nashville, Davidson County, Tennessee; but said corporation has an agent, designated for service, within the confines of the State of Georgia, to wit: G. C. Thomas, a resident of Fulton County, Georgia, upon whom service of process can be effected.

6. The Standard Life Insurance Company is a corporation organized under the laws of the State of Georgia, but not now engaged in the business of life insurance; is a dormant corporation, having no public place within the limits of the State of Georgia, or elsewhere, for doing business, and has no individual in office within the limits of the State of Georgia, or elsewhere, upon whom service of writs or process may be perfected, within the knowledge of the plaintiff, or any other party, and plaintiff alleges that it is necessary that service be perfected upon the said dormant corporation as provided by law in Code Section 2261, Park's Code of Georgia.

7. On May 6, 1921, the defendant, Dr. C. C. Cater, alias C. C. Cater Jr. executed to the Standard Life Insurance Company a certain security deed, securing a principal indebtedness of $7,000, together with interest on the said principal at the rate of 6½% per annum, payable semi-annually. In the said deed, the said defendant conveyed as security for said indebtedness the following tract or parcel of land situated and being in the County of Fulton, State of Georgia, being lot 10, block 46,

of the 14th district of Fulton County, Georgia, and more particularly described as follows: "All that tract or parcel of land situated, lying, and being in the City of Atlanta, part of block 10, of land. lot 46, of the 14th district of Fulton County, Georgia, and more particularly described as follows: beginning at J. M. Paden's line on the north side of Houston Street, 320.4 feet east of Jackson Street and extending thence north on Paden's line 144 feet, more or less, to east Cain Street; thence west on south side of East Cain Street 50 feet; thence south 129 feet, more or less, to Houston Street; thence east on the north side of Houston Street, 521 feet to the point of beginning; premises being improved property known as 320 Houston Street, according to the present numbering of houses in the City of Atlanta." This security deed was recorded on the 5th day of September, 1921, in deed book 456, page 483, of the deeds record, in the office of the clerk of the superior court of Fulton County, Georgia, a copy of which deed is hereto attached and marked Exhibit A, to which the usual leave of reference is prayed.

8. The petitioner alleges that subsequently the Standard Life Insurance Company transferred and assigned for a valuable consideration, the indebtedness secured by the said security deed to the Southern Insurance Company, defendant herein.

of the 14th district of Fulton County, Georgia, and more particularly described as follows: "All that tract or parcel of land situated, lying, and being in the City of Atlanta, part of block 10, of land lot 46, of the 14th district of Fulton County, Georgia, and more particularly described as follows: beginning at J. M. Paden's line on the north side of Houston Street, 320.4 feet east of Jackson Street and extending thence north on Paden's line 144 feet, more or less, to east Cain Street; thence west on south side of East Cain Street 50 feet; thence south 129 feet, more or less, to Houston Street; thence east on the north side of Houston Street, 521 feet to the point of beginning; premises being improved property known as 320 Houston Street, according to the present numbering of houses in the City of Atlanta." This security deed was recorded on the 5th day of September, 1921, in deed book 456, page 483, of the deeds record, in the office of the clerk of the superior court of Fulton County, Georgia, a copy of which deed is hereto attached and marked Exhibit A, to which the usual leave of reference is prayed.

8. The petitioner alleges that subsequently the Standard Life Insurance Company transferred and assigned for a valuable consideration, the indebtedness secured by the said security deed to the Southern Insurance Company, defendant herein; *that the legal title to the realty which was conveyed to the Standard by the said C. C. Cater Jr., as security for the said indebtedness was not conveyed by the Standard Life Insurance Company to the Southern, and that the legal title to the said realty is still vested in the Standard Life Insurance Company, who holds the same for the benefit of the owners of the notes secured by the said security deed.*

166

9. Petitioner alleges that subsequently, on October 6, 1925, the indebtedness secured by the said conveyance was *renewed* by a certain promissory note for $7,000.00, payable to the Southern Insurance Company, signed by the said C. C. Cater Jr., and due five (5) years after date; that contemporaneously therewith, the said defendant executed a series of ten (10) notes in the sum of $227.50 each, all dated October 6, 1925, and maturing semi-annually successively thereafter; the said notes being given for the interest due on the aforesaid principal note at the rate of six and one half (6½%) per cent. per annum.

10. That subsequently, to wit, on July 25, 1921, the Southern Insurance Company executed a reinsurance contract with the Citizens Life Insurance Company, by the terms of

9. Petitioner alleges that subsequently, on October 6, 1925, the indebtedness secured by the said conveyance was *extended* by a certain promissory note for $7,000.00, payable to the Southern Insurance Company, signed by the said C. C. Cater Jr., and due five (5) years after date; that contemporaneously therewith, the said defendant executed a series of ten (10) notes in the sum of $227.50 each, all dated October 6, 1925, and maturing semi-annually successively thereafter; the said notes being given for the interest due on the aforesaid principal note at the rate of six and one half (6½%) per cent. per annum. *Contemporaneously with the execution of the aforesaid notes on October 6, 1925, the defendant, C. C. Cater, entered into an extension agreement with the Southern Insurance Company, recorded in Book 953, page 563-565, Deed Records of Fulton County, Georgia, where it was provided that the time of payment of the original indebtedness set out in the security deed, which is attached hereto as Exhibit A, had matured and that the Southern Insurance Company agreed to extend the time of payment for a term of five years from the 6th day of May, 1926, and it was specially agreed that nothing contained in the said extension agreement should be construed to impair the security of the said Southern Insurance Company nor impair any of its rights and powers, which the said corporation held by virtue of the original series of notes and the said security deed. A copy of the said extension agreement is hereto attached and marked Exhibit B.*

10. That subsequently, to wit, on July 25, 1921, the Southern Insurance Company executed a reinsurance contract with the Citizens Life Insurance Company, by the terms of

which the Southern Insurance Company sold, transferred, *and assigned* to the Citizens Life Insurance Company, an amount of its assets in cash or securities alleged to be equal to the required legal reserve on each and every policy contract covered by said reinsurance agreement, and as a part and parcel of such assets in cash or securities was included *the indebtedness secured by same and the instruments evidencing said indebtedness.*

11. *That subsequent to the assignment to the Citizens Life Insurance Company, on July 25, 1929, one Joe F. Little who was then President of the Citizens Life Insurance Company, but who was without authority in the premises, delivered or purported to deliver to the American National Bank the principal note and security deed evidencing the indebtedness of the said Dr. C. C. Cater; and petitioner states that said delivery or purported delivery as made was void and of no effect for the following reasons: (a). That said delivery or purported delivery was wholly without consideration to the Citizens Life Insurance Company. (b). That said delivery or purported delivery of said instruments aforesaid was made by the said Joe F. Little to the American National Bank, as a part and parcel of an agreement between the said Little and the American National Bank, whereby the American National Bank received said instruments and other instruments hereinafter described and purported to extend a credit to the Citizens Life Insurance Company for the sum of $116,099.72, which money was, as a part and parcel of the transaction by which the credit was entered on the books of the American National*

which the Southern Insurance Company sold and transferred to the Citizens Life Insurance Company, an amount of its assets in cash or securities alleged to be equal to the required legal reserve on each and every policy contract covered by said reinsurance agreement, and as a part and parcel of such assets was included *the said Cater debt secured as heretofore stated; and the said notes of Cater dated October 6, 1926, were delivered accordingly by the Southern Insurance Company to the Citizens Life Insurance Company.*

11. *That subsequent to July 25, 1929, the aforesaid American National Bank obtained possession of said principal note and security deed of the said Dr. C. C. Cater; and now has possession thereof.*

*Bank, immediately paid to the American National Bank itself, and applied by the American National Bank in payment of indebtedness purporting to be owed to said Bank by persons other than the Citizens Life Insurance Company, to wit, personal associates of Joe F. Little in the amount of $41,000, and the indebtedness of a corporation sponsored by the said Joe F. Little and his associates, to wit, the Southern Insurance Company, for the remaining part of the purported advance; and petitioner states that the said Citizens Life Insurance Company received no part of the consideration claimed to have been made for the delivery of the instruments aforesaid to the American National Bank.*

12. Petitioner further *states* that the Citizens Life Insurance Company, *the owner of the indebtedness, the property aforesaid, and the instruments evidencing said indebtedness at the time same were delivered or purported to be delivered to the said American National Bank, was* an insurance Corporation organized and existing under the laws of the State of Alabama, *and as such was authorized to do only the following acts and things, and petitioner states that the delivery or purported delivery of said instruments aforesaid to the American National Bank was under the circumstances ultra vires without the power of said corporation and void.*

13. *Petitioner further states that the said Joe F. Little, in doing the acts and things done by him in transferring the possession of the instruments aforesaid to the American National Bank was acting wholly without authority of the Citizens Life Insurance Company, the then owner of said indebtedness and the instruments evidencing and securing same.*

12. Petitioner further *alleges* that the Citizens Life Insurance Company *is* an insurance corporation organized and existing under the laws of the State of Alabama.

13. (Stricken)

14. *Petitioner further states that the American National Bank, at the time of the physical transfer of the instruments aforesaid, and those hereinafter described was made to said Bank, did in fact have outstanding indebtednesses owing to it in the amount of the full sum of the advance, which it purported to make to the Citizens Life Insurance Company, and that these indebtednesses were owing by the associates of Joe F. Little and the Southern Insurance Company then sponsored by him and his associates, and such persons then owing the American National Bank said amount were insolvent and unable to pay same, which fact was known to the said American National Bank, and that the American National Bank entered into the transaction with the said Joe F. Little with knowledge of the fact that he was delivering to the said American National Bank said securities to pay the debts of third persons and that the transfer and delivery made under such circumstances constituted a fraud in law.*

14. (Stricken)

15. *Petitioner further alleges that as a part and parcel of the same transaction, whereby the delivery or purported delivery of the Cater notes and security deed was made, the following additional instruments evidencing the indebtedness then owing the Citizens Life Insurance Company, were delivered or purported to be delivered to the American National Bank, and that the said Bank, as petitioner is advised, now holds all of said instruments, a list of which instruments evidencing said indebtednesses is attached hereto, marked Exhibit B, and to which the usual leave of reference is prayed.*

15. (Stricken)

16. Petitioner alleges that of the interest notes executed by the said Dr. C. C. Cater, as aforesaid, each

16. Petitioner alleges that of the interest notes executed by the said Dr. C. C. Cater, as aforesaid, each

for the sum of $227.50, the following are still due and unpaid:

| Dated | Due | Amount |
|---|---|---|
| Oct. 5, 1925 | May 6, 1929 | $227.50 |
| Oct. 5, 1925 | Nov. 6, 1929 | 227.50 |
| Oct. 5, 1925 | May 6, 1930 | 227.50 |
| Oct. 5, 1925 | Nov. 6, 1930 | 227.50 |

and petitioner further states that all of said interest notes were at the time of the receivership, in possession of and the property of the Citizens Life Insurance Company, and that such notes are now in the possession of petitioner; *that such interest notes were not delivered to the American National Bank and the title and interest of the Citizens Life Insurance Company was in no wise affected by the delivery or purported delivery of the principal note; and petitioner further states that the said interest notes are, likewise, as the principal note, secured by the security deed executed by Dr. C. C. Cater aforesaid; and petitioner further alleges that he is informed and on information states that the American National Bank has collected certain amounts for interest on said principal note, but recites that neither the Citizens Life Insurance Company nor petitioner have received the payment of the interest notes, or any one of the interest notes above described.*

17. *Petitioner states that by virtue of the facts aforesaid, it is now the owner of the interest notes aforesaid, secured as aforesaid, without right of interest or ownership on the part of any one; and petitioner further recites that the delivery or purported delivery of said principal note and security deed to the American National Bank as aforesaid, was of no effect and that he, as said Receiver, is in fact the owner of said indebtedness and the property conveyed by the security deed to secure said debt.*

for the sum of $227.50, the following are still due and unpaid:

| Dated | Due | Amount |
|---|---|---|
| Oct. 5, 1925 | May 6, 1929 | $227.50 |
| Oct. 5, 1925 | Nov. 6, 1929 | 227.50 |
| Oct. 5, 1925 | May 6, 1930 | 227.50 |
| Oct. 5, 1925 | Nov. 6, 1930 | 227.50 |
| Oct. 6, 1925 | May 6, 1931 | 227.50 |

and petitioner further states that all of said interest notes were at the time of the receivership, in possession of and the property of the Citizens Life Insurance Company, and that such notes are now in the possession of petitioner.

17. (Stricken)

18. *The plaintiff alleges that the American National Bank is holding itself out to the defendant, Dr. C. C. Cater, the maker of the said security deed, as the owner of the indebtedness secured by the same and the property conveyed in the said security deed, and has, without any right on its part collected the interest notes above described which have matured, and has converted the same to its own use and has directed the said C. C. Cater to pay to it the principal indebtedness upon maturity, and all of the remaining interest notes above described in the order in which they mature, and is asserting that it has this interest, both present and future, in the said property as aforesaid, located within the limits of the State of Georgia.*

18. (Stricken)

19. *That the said notes and security deed securing the same contain a provision to the effect that in the event of default in the payment of either one of the said notes, that the entire indebtedness shall mature and shall become due and payable. Petitioner alleges that said C. C. Cater, alias C. C. Cater Jr., has defaulted in the payment of said interest notes set out in detail as aforesaid, and alleges that by reason of said default in the payment of said notes, all the said indebtedness has matured, and is now due and payable.*

19. (Stricken)

20. *That unless a court of equity intervenes and determines the respective rights of the parties hereto, the plaintiff here is without adequate remedy at law to protect its title and interest to the indebtedness as aforesaid, which is due it, and to the property which has been conveyed to it by the said security deed. That the defendant C. C. Cater, alias C. C. Cater Jr., on account of the contrary claim of the American National Bank as aforesaid, has re-*

20. *That a court of equity should intervene and determine the total amount of indebtedness now owing by the defendant, C. C. Cater, on the entire series of notes and secured by the said security deed; that when the said sum is determined by the court that the said defendant should be required to pay the same into court; or, in default thereof, that the court should foreclose said security deed; that the proceeds arising from the said foreclosure should*

fused and is refusing to pay to the plaintiff the said indebtedness which is due to it as aforesaid.

That the said C. C. Cater, alias C. C. Cater Jr. is without property out of which the said indebtedness can be satisfied outside of the realty above described which was conveyed as security for the said indebtedness as aforesaid. That a receiver should be appointed by the Court of Equity for the purpose of taking charge of said premises, collecting the rents and profits arising therefrom, and holding the same subject to the direction of this Honorable Court, pending the determination of the right, title and interest of the various parties in the premises.

Wherefore, plaintiff prays: (a) That process do issue from this honorable court, requiring the defendants to be and appear at the appearance term of this Court, and make answer to this petition, *if such they can, and that in the event it be made to appear to the Court that personal service can not be obtained upon the defendant, American National Bank, that an order of publication be entered by the Court authorizing service on said non-resident corporation in terms of the law.*
*(b) That service of publication as provided by the law of the State of Georgia with respect to dormant corporation be perfected upon the Standard Life Insurance Company.*
*(c) That a temporary receiver be appointed by this honorable court, and authorized and directed by the Court to take charge of the premises described herein and collect the rents*

*be paid into the registry of the court to be retained by it until, after appropriate notice, the same should be distributed to the party or parties to whom it rightfully belongs; that upon payment into court by defendant Cater of said indebtedness the court should by appropriate order cancel the said security deed as a lien and charge against the premises.*

Wherefore, plaintiff prays: (a) That process do issue from this honorable court, requiring the defendants to be and appear at the appearance term of this Court, and make answer to this petition.

*(b) That service be had as provided by law.*

*(c) That an account be taken by and under the direction of this honorable court of the amount due for the principal and interest on the said security deed.*

and profits arising therefrom and hold the same pending the further orders of this Court, and that the said receiver be authorized and directed to collect from the said C. C. Cater, alias C. C. Cater Jr., the indebtedness described herein both principal and interest, in whole or in part, and execute his receiver's receipt therefor, pending the determination by said Court of the right, title and interest in the same. (d) That a temporary restraining order be issued by this Court, restraining the defendant, C. C. Cater, alias C. C. Cater Jr., from making any further payment on said indebtedness to the American National Bank; and that the defendant C. C. Cater, alias C. C. Cater Jr., be authorized and required to pay the said indebtedness to the said receiver, to be held by the said receiver pending the determination of the issues set out in this petition. (e) That a rule nisi do issue from this Court directed to the defendants herein, requiring them and each of them to appear at a day certain and show cause to the Court why the prayers of the plaintiff should not be granted and a permanent receiver be appointed and the temporary restraining order be made permanent. (f) That the Court do enter a decree finding the indebtedness described herein, together with the property which secures the same, to be the property of the plaintiff and further finding that the American National Bank has no right, title or interest in and to the same. (g) That the plaintiff do have and recover judgment against the said Dr. C. C. Cater, alias C. C. Cater Jr., for the indebtedness described herein, both principal and interest and that the said judgment be declared a special lien by the Court on the premises described herein, and that said property be

(d) That the defendant, Dr. C. C. Cater, alias C. C. Cater Jr., be required to pay into the registry of the Court the said sum of money so found to be due by him by a day certain to be appointed for that purpose by this Honorable Court or in default thereof that the said defendant, C. C. Cater Jr., his heirs, executors and administrators, and all persons claiming or who may claim by, from or under him may be absolutely barred and foreclosed of and from all right and equity of redemption of, in and to the said realty and every part thereof, and that the said realty be foreclosed and sold. (e) That in the event payment into Court is made, by said defendant Cater, of the total amount of said indebtedness, the Court by an appropriate order cancel the said security deed as a lien and charge against the said premises. (f) That the money realized, either by payment by the defendant, C. C. Cater, of the said indebtedness, or upon a foreclosure and sale of the said realty, be paid into the Registry of the Court to be retained by it until after appropriate notice to all parties at interest; the same to be then distributed by order of Court, to the party or parties to whom it rightfully belongs. (g) That the plaintiff do have and recover judgment against the said Dr. C. C. Cater, alias C. C. Cater Jr., for the indebtedness described herein, both principal and interest,

**174**

ordered by this court to be sold *in settlement and satisfaction of the said lien and freed from all right, title, interest or claim of all parties to this litigation.* (h) That the plaintiff do have such other and further relief as to the Court may seem meet and proper.

and that the said judgment be declared a special lien by the Court on the premises described herein, and that said property be ordered by this court to be sold, *freed from the lien of said security deed, which lien shall be transferred to the proceeds.* (h) That the plaintiff do have such other and further relief as to the Court may seem meet and proper.

Cater filed a motion setting up, that, for the reason stated in its demurrer and plea to the jurisdiction, the suit could not lawfully proceed against American National Bank; that justice could not be done in the proceeding in the absence of American National Bank; that without American National Bank as a party the court would be powerless to render a decree in the cause without exposing Cater to double jeopardy, first to the petitioner, and secondly to American National Bank in whatever proceeding it might subsequently take upon the identical cause of action against Cater. Upon this motion he prayed, if the suit should be dismissed as to American National Bank, that then the petition be dismissed for the reasons stated in his motion. Both the demurrer to the jurisdiction of American National Bank and the motion of Cater to dismiss the petition were sustained, and the exception is to those judgments.

■ It is contended that since the general demurrer to the petition was sustained as to American National Bank on the ground of jurisdiction, the court was powerless to amend the petition. It has been ruled that after a general demurrer has been sustained and the whole case dismissed, and that judgment affirmed in the Supreme Court without condition or direction, the petition is not amendable. *Central R. &c. Co.* v. *Paterson,* 87 *Ga.* 646 (13 S. E. 525); *Harp* v. *Southern Ry. Co.,* 119 *Ga.* 927 (4) (47 S. E. 206, 100 Am. St. R. 212); *City of Rome* v. *Sudduth,* 121 *Ga.* 420 (49 S. E. 300); *Federal Investment Co.* v. *Ewing,* 166 *Ga.* 246 (2) (142 S. E. 890), and cit. Other cases to the same effect could be cited. *Tinsley* v. *Maddox,* 176 *Ga.* 471 (168 S. E. 297), cited in motion for a rehearing. The rules stated in the above authorities apply only when the whole case is dismissed and the litigation is "entirely out of court." In this case the former decision affected

only one party defendant, the American National Bank. The dismissal of the petition as to the bank and the affirmance of that judgment by this court did not dispose of the whole litigation, and did not take the case "entirely out of court." On the return of the remittitur the main case was still pending, and as a matter of law continued as such until entirely dismissed by some subsequent order. No such order being passed, the petition could be and was amended. *Sullivan* v. *Rome R. Co.,* 28 *Ga.* 29; *Daniel* v. *Foster,* 49 *Ga.* 303; *Savannah &c. Ry. Co.* v. *Chaney,* 102 *Ga.* 814 (30 S. E. 437); *John A. Roebling's Sons Co.* v. *Southern Power Co.,* 145 *Ga.* 761 (89 S. E. 1075); *Berrien County Bank* v. *Alexander,* 154 *Ga.* 775 (115 S. E. 648). These are only some of the cases adhering to the principle ruled. A judgment dismissing one of several defendants from the case does not finally dispose of the whole litigation. The principle is the same in this case, where the decision of the court adjudicates only the right to make one defendant a party to the case, the main case not having been brought to this court for decision, as it is when the general demurrer has been sustained to a petition and the judgment is reversed. In neither instance has the entire litigation been disposed of by the decision of this court.

■ One ground of the demurrer interposed to the present petition, as it was to the original petition, challenged the jurisdiction of the superior court, "because the act of Congress now appearing in section 94, title 12, chapter 2 of the United States Code forbids the issuance of any attachment, injunction, or execution against a national bank or its property before final judgment in any suit, action, or proceeding in any state, county, or municipal court, and also prohibits the seizure of property belonging to a national bank before final judgment." The statute referred to is as follows: "Actions and proceedings against any association under this chapter may be had in any district or territorial court of the United States held within the district in which such association may be established, or in any state, county, or municipal court in the county or city in which said association is located, having jurisdiction in similar cases." According to the judgment originally rendered in the superior court, that ground of the demurrer was sustained, since the judgment expressly stated that the demurrer was sustained "on all grounds that pertain to the jurisdiction of the court."

The former decision of this court must be construed in connection with the petition as it then stood; that is, as seeking personal judgment against the American National Bank. "Actions, local in their nature, may be maintained in the proper state court against a national banking association in a county or a city other than that where it is established." Casey v. Adams, 102 U. S. 66; *Continental National Bank* v. *Folsom*, 78 *Ga.* 449 (3 S. E. 269) ; Guerra v. Lemburg (Tex. Civ. App.), 22 S. W. (2d) 336. The petition as it was then construed sought a judgment in personam against the bank, and for that reason the demurrer was properly sustained. The former judgment is not res adjudicata if the proceeding is so amended as to seek only a judgment in rem.

██ Headnotes three and four do not require elaboration.

█ The petition was formerly construed by this court as seeking a judgment in personam against the American National Bank of Nashville, Tennessee. It was on that construction that the judgment sustaining the demurrer was affirmed. That construction must stand as the law of the case in so far as the petition then stood. *Elliston* v. *Atlantic States Warehouse Co.*, 163 *Ga.* 440 (136 S. E. 436). Reverting for the present to the former petition, attention is directed to the following facts: It expressly named American National Bank as a defendant; it alleged that Nashville, Tenn., was its domicile, and that it was incorporated under the national banking act. It alleged the execution of the deed to Standard Life Insurance Company, securing an indebtedness of $7000, together with interest; that the real property described in the deed was located in Fulton County; that Standard Life Insurance Company duly and properly transferred the indebtedness secured by the deed to the Southern Insurance Company, a Tennessee corporation. It alleged renewal of the promissory notes to Southern Insurance Company and the assignment by the Southern to Citizens Life Insurance Company of "the indebtedness secured by the said security deed;" that subsequently to that assignment the president of Citizens Life, without authority "delivered or purported to deliver to American National Bank the principal note and security deed mentioned above," and "said delivery or purported delivery as made was void and of no effect," for the reasons (a) that the same was "wholly without consideration to the Citizens Life Insurance Company;" (b) that for stated reasons the delivery

to the American National Bank was ultra vires and void, and was "a fraud in law." The petition further alleged that the title of the Citizens Life Insurance Company was in no wise affected by the delivery or purported delivery of the principal note to the bank; further that because of the facts alleged Citizens Life Insurance Company is now "the owner of said indebtedness" and the property conveyed by the security deed to secure said debt; that the bank has, without authority, collected certain described interest notes and has converted the same to its own use, and has directed Cater, the mortgagor, to pay to it the principal indebtedness upon maturity, and all remaining interest notes. There are other similar allegations, but those stated above show their character. The prayers, in addition to the usual prayer for process, were for a rule nisi; for general relief; for service by publication on American National Bank; for a receiver to take charge of the property and collect the rents and profits, including the principal indebtedness, pending the determination by the court of the right, title, and interest of the parties in the same; that the mortgagor, Cater, be restrained from making further payments "on said indebtedness to American National Bank, and be required to pay the said indebtedness to the receiver pending determination of the issues made in the case; and finally that the court "render a decree finding the notes described herein, together with the property which secures the same, to be the property of the plaintiff, and further finding *that the American National Bank has no right, title, or interest in and to the same;* that plaintiff have a judgment against mortgagor; that the property be sold in settlement and satisfaction of the lien, free from all right, title, interest, or claim of all parties to this litigation."

The allegations just set forth are sufficient to show that as the case originally stood it sought a judgment in personam against American National Bank, a foreign corporation. Only a judgment in personam could have determined the right, title, and interest of Citizens Life and of American National Bank and whether or not the latter's purported title originated in fraud and was void. Warlick *v.* Reynolds, 151 N. C. 606 (66 S. E. 657).

Moreover, the amendment to the motion for a rehearing when the case was formerly here itself stated, after the decision rendered by this court, that the purpose of plaintiff's petition in one respect

was "to cancel an alleged claim of interest on the part of American. National Bank, a non-resident corporation." In the same motion, however, the movant asserted "that it has never been his desire or intent to take any personal judgment of any kind or character against the American National Bank," but that it was quite the contrary.

The present petition does not in terms name the American National Bank as a party defendant. If the bank is a party defendant, it is made so by the order of the judge requiring the bank to be served by publication, as shown in the general statement of the case. The petition does not contain any prayer for relief expressly against the defendant bank. While there is a general prayer for process, which would include the bank, there is no such prayer as to the bank by name, nor does the petition expressly pray for service by publication on the bank. "Although an equitable petition may mention the name of a corporation and contain a prayer for certain relief against it, such corporation is not a party to the petition when there is no prayer for process as to it." *Orr Shoe Co.* v. *Kimbrough,* 99 *Ga.* 143 (25 S. E. 204); *Seisel* v. *Wells,* 99 *Ga.* 159 (35 S. E. 266); *Clayton* v. *Farrar Lumber Co.,* 119 *Ga.* 37 (45 S. E. 723). The facts just stated, in the light of the principles of law just quoted, lead us to the conclusion that the pleader did not consider that the bank had been made a party to the suit, as that term is generally understood, but on the contrary that the order of the judge was merely intended to provide constructive notice to the bank under Code § 5556 et seq., as required by Code § 5554. The petition does pray for an accounting of the amount due, principal and interest, under the "security deed;" for a judgment against Cater, the mortgagor, requiring him to pay the amount of his debt by an appointed date, or in default thereof that his equity of redemption be barred; that on failure to make such payment the property be foreclosed and sold and the security deed as a lien on the property be canceled; that the proceeds be paid into court, and that "the same be then distributed by order of the court to the party or parties to whom it rightfully belongs." Further statement of the prayers is unnecessary.

The Civil Code (1910), § 5554, provides, in part, as follows: "Where any non-resident or person unknown claims or owns title to or an interest, present or contingent, in any real or personal prop-

erty in this State, service on such non-resident or unknown owner or claimant may be made by publication in cases affecting such property where proceedings are brought. . . To establish, enforce, or foreclose liens thereon." The plaintiff insists that his petition falls squarely under that law. The question is whether, as to the bank, the case now before us is one seeking solely a judgment in rem, or whether, like the original petition, it seeks a judgment in personam, as well as a seizure of the res. See *Dearing* v. *Bank of Charleston, 5 Ga.* 497, 511 (3) (48 Am. D. 300). The illuminating opinion in the *Dearing* case, the facts being quite similar to this one, was written by Judge Nisbet. The case was decided long before the passage of the act of 1895, codified in section 4976 of the Code of that year, and in the present Code, section 5554. On the subject of the effect if such a statute were enacted, however, it was then said: "A law of this State, were there such a law, which would authorize a judgment in personam against the citizen of another State, could have inherently no extraterritorial effect. Because no State has authority to execute its process without its own limits, and could not, therefore, effect service upon a foreign citizen, and it is revolting to every enlightened and good man's sense of justice, to determine his rights, who is not heard in defense of them. And because the rights of sovereignty require that the citizen of each independent State should be liable to, and be protected by, the laws of the State to which he owes allegiance. . . Without this, national equality would be but a name; and without this, there could be neither commerce, treaties, intercourse, nor faith among the nations." Judge Nisbet, again dealing with the same question in *Adams* v. *Lamar, 8 Ga.* 83, 90, said, with reference to the *Dearing* case, "With the principles settled in it we are well satisfied." And see *King* v. *Sullivan, 93 Ga.* 621 (20 S. E. 76). "A statute authorizing service of process by publication or otherwise upon absent and non-resident defendants has no application to suits in personam, but is a sufficient authority for the institution of suits in rem, where, under recognized principles of law, such suits may be instituted against non-resident defendants." Roller *v.* Holly, 176 U. S. 398 (20 Sup. Ct. 410, 44 L. ed. 520). "Substituted service by publication, or in any other authorized form, is sufficient to inform a non-resident of the object of proceedings taken, where property is once brought under the control

of the court by seizure or some equivalent act; but where the suit is brought to determine his personal rights and obligations, that is, where it is merely in personam, such service upon him is ineffectual for any purpose." Pennoyer *v.* Neff, 95 U. S. 714 (4) (24 L. ed. 565). The receiver does not claim title to or possession of the land described in the security deed, nor is the American National Bank a debtor of the receiver. They are both lien creditors of Cater, the mortgagor. If the present petition seeks a judgment in personam against the bank, the law of the case would apply, and the judgment of the court would of necessity be affirmed.

Undoubtedly, where the object is to subject property within the jurisdiction of the court, a proper suit may proceed to foreclose a lien thereon, although some interest or claim is held by a non-resident. Where one or more of several notes secured, as in this case, are held by one person and others of the secured notes are held by other parties, each of the note-holders is entitled to the security executed to secure all the notes. Any one of the holders may foreclose, giving the notice required by law to all holders concerned. Civil Code (1910), § 4276; *Van Pelt* v. *Hurt,* 97 *Ga.* 660 (2) (25 S. E. 489); *Willingham* v. *Huguenin,* 129 *Ga.* 835 (supra); *Carter* v. *Johnson,* 156 *Ga.* 207, 211 (119 S. E. 22). In *Willingham* v. *Huguenin* it was said: "All holders of notes secured by it [mortgage] must be brought before the court as defendants before a decree is made. . . It is best both for the holders of the notes and the mortgagor that the foreclosure sale shall remove the whole lien from the property, so that contemplating purchasers may bid with the assurance that the lien of the mortgage will be entirely divested from the land." This language, however, is not to be understood as requiring the impossible. It was not intended to require the exercise of that extraterritorial jurisdiction which is forbidden by law.

The general rule is that there can be only one foreclosure. *Smith* v. *Bowne,* 60 *Ga.* 484; *Berrie* v. *Smith,* 97 *Ga.* 782, 786 (25 S. E. 757). But there are exceptions. *Strickland* v. *Lowry National Bank,* 140 *Ga.* 653 (5 *d*) (79 S. E. 539); *Swift* v. *First National Bank,* 161 *Ga.* 543 (2), 547 (132 S. E. 99). As the petition now stands, the fact that the principal note secured by the deed is held by a non-resident national bank does not take the case out of the

general rule. Whether there are facts in the knowledge of and that might be pleaded by the bank, which may be sufficient to do so, can not now be determined. Nothing in the judgment now rendered is meant to require the American National Bank to intervene in the proceedings or to take any other action. Its future action is to be determined alone by itself, and the result will be determined when the proper occasion arises. All persons alleged in the petition to be interested, if within the jurisdiction of the court, must be made parties. If non-resident of the State, as in the case of defendant American National Bank, notice as required by the Civil Code (1910), § 5554, must be afforded.

There is a prayer for general relief, and a specific prayer that when the fund to be derived from the payment of the debt by the mortgagor or foreclosure is paid into court the claims of all parties be adjudicated, and that payments be made according to their rights. These prayers, construed, with some of the allegations in the petition, most strongly against the pleader, would indicate a purpose of the petitioner to contest the title of the American National Bank to the principal note which the petition alleges is held by the bank. Upon rendition of the former judgment by this court the plaintiff filed a motion for rehearing. Before the motion had been heard it was amended. Therein Irons, the plaintiff, made the following contention: Movant "respectfully shows to the court that it has never been his desire nor intent to take any personal judgment of any kind or character against the American National Bank, but on the other hand it is the sole intent of movant to proceed as has heretofore been found by the Supreme Court to be the purpose of plaintiff's bill; that is, (1) to foreclose the security deed; (2) to cancel an alleged claim of interest on the part of the American National Bank, a non-resident corporation, in and to the land which was conveyed by the security deed." The cancellation here mentioned could not be had except by a personal judgment after personal service or such appearance as to afford jurisdiction of the person.

In the same amendment the movant prayed for leave, in the event "the court should be of the opinion that there are any allegations in the petition which go to the question of a personal judgment, or there is any prayer in the same which might in any way be construed to be a prayer for a personal judgment, that he be allowed,

before the remittitur is sent down and made the judgment of the lower court, to amend his petition, striking from the same any allegations which might, in the opinion of the court, be in the nature of a demand for a personal judgment, and to strike from the prayers of said petition any prayer whatever which might, in the opinion of the court, be construed to be a prayer for a personal judgment, and amend the prayer of the petition, making the same absolutely clear that no personal judgment is asked or demanded." Neither the affirmance of the judgment nor the denial of the motion for a rehearing will cut off the right of the plaintiff to amend his petition at the proper time in the superior court in any respect legally allowable. It is manifest that amendment can not be had in this court. *Tinsley* v. *Maddox,* 176 *Ga.* 471 (17), 487 (supra). Any person affected thereby may, by timely objection or demurrer, test the legality of such amendment. The denial of the motion for rehearing in which movant prayed for the right to amend the petition did not have the effect of denying that right on return of the remittitur to the trial court.

In his main brief in the present case the plaintiff makes the following statement: "We call the court's especial attention to the fact that in none of these prayers is any personal relief prayed for against the non-resident bank, but on the contrary that this is simply an action *in rem* for the foreclosure of a security deed as a mortgage."

This court feels justified in the conclusion that the plaintiff, after the return of the remittitur from this court, endeavored in good faith to so amend his petition as to bring it within the decision made; that is, to restrict the case to a proceeding purely in rem. The pleader perhaps was somewhat doubtful as to the range of relief obtainable in a proceeding in rem as against a non-resident. The exact lines of limitation have not been perfectly uniform as drawn by courts throughout the country. See 21 C. J. 358, § 367. Judge Bleckley in a similar case said: "This is a case of which no perfectly satisfactory disposition can be made. The superior court did with it the best that was possible, and we leave the judgment to stand." *Smith* v. *Bowne,* 60 *Ga.* 485. With a realization of the difficulties in this and like cases, we have endeavored to reach an equitable basis upon which the rights of all parties may be protected. The court then, in an effort to afford complete justice, and

keeping in mind that such statutes as Code § 5554 must always be given a strict construction, will, under § 6205, give direction to the court below, with that end in view.

Therefore the judgment is affirmed, with direction that the plaintiff be allowed to amend the petition before the judgment of this court is made the judgment of the court below, by restricting the prayer for general relief to parties personally served, and striking all allegations and prayers seeking to cancel or set aside the transfer of the principal note to American National Bank; also to strike the allegations in the petition in which any right, title, or claim to the principal note is asserted in behalf of the receiver for the Citizens Life Insurance Company, and also the prayer for an accounting, and to the end that the case as to American National Bank should proceed strictly as one in rem to foreclose in equity the security deed on the land situated within the jurisdiction of the court. The petition in this case alleges unequivocally the interest of each holder of secured notes. No accounting is, therefore, necessary. This case presents a clear example of the declaration by Chief Justice Bleckley that "amendment is a resource against waste." *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691, 697 (13 S. E. 809). The directions here given are for the purpose of expediting and bringing to an end a protracted litigation.

The law of the case, which was settled when the case was formerly before this court, simply determined that the petition, as then constituted, sought a judgment in personam against a non-resident defendant. It did not determine whether or not the plaintiff, Irons, receiver, could proceed in an action purely in rem to foreclose a mortgage on the real estate situate within the jurisdiction of the court. We do not determine whether the pleadings already filed will authorize a proceeding in rem. Although certain directions are given with reference to striking portions of the allegations and prayers, the sufficiency of the petition, if amended, will still be open to all defenses by demurrer or otherwise that may be filed by any person, natural or artificial, whose interest may be affected thereby.

If, before the remittitur containing the judgment of this court has been entered on the minutes of the trial court, proper amendments to the petition have been made, the judgment dismissing C. C. Cater as a defendant shall be set aside. The case will then

stand subject to such defenses as may be filed by any one affected thereby. Upon failure to so amend, the judgment to which exception is filed in the present case will stand unconditionally affirmed. *Brown* v. *Bowman,* 119 *Ga.* 153 (46 S. E. 410); *Sims* v. *Cordele Ice Co.,* 119 *Ga.* 597 (46 S. E. 841); *Ferrell* v. *Greenway,* 157 *Ga.* 535 (122 S. E. 198); *Oates* v. *Bennett,* 157 *Ga.* 888 (122 S. E. 547)..

*Judgment affirmed, with direction. All the Justices concur, except Hill, J., absent because of illness.*

RUSSELL, C. J., and ATKINSON, J., concur specially.

RUSSELL, C. J. Being of the opinion that the decision as now written sustains the principle that where the res is situated in this State all parties concerned in the disposition thereof are subject to the jurisdiction of this State, I concur in the judgment. Mr. Justice Atkinson concurs in the view here expressed.

ON MOTION FOR REHEARING.

Counsel for American National Bank contends that this court has overlooked "a long line of decisions of this court." We think otherwise. The specific contention is that in affirming the judgment in the former case this court necessarily held that the demurrer was good against the petition, whether construed as. a proceeding in rem or in personam. There was a demurrer to the petition, containing these words, "whether transitory or local, no law of Georgia confers jurisdiction of said case on this court." In the brief of counsel for American National Bank, page 15, in that case, we find the following: "The action is one in personam, not one in rem, is purely transitory," etc. We agreed with counsel, and affirmed the case on that theory. This was fully stated in the opinion filed in this case. It was not a case where the petition was construed as seeking several modes of relief, some available and some not. In such cases, it is uniformly held that the petition should be dismissed as a whole.

Much of the motion for rehearing is devoted to the contention that the court had exceeded its jurisdiction as made by the bill of exceptions. It is contended that some of the language employed by the court adjudicated issues that have not yet arisen and on which movant has had no hearing. The decision was not understood by the court to have that effect. On the contrary all issues as to the future course of the litigation were understood to

be subject to the usual legal rights of all interested. In order to clarify that matter the opinion has been changed for that purpose.

*Rehearing denied.*