## HIRSCH v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY *et al.*

No. 13562.   JANUARY 14, 1941.   REHEARING DENIED FEBRUARY 14, 1941.

*T. J. Long,* for plaintiff.

*MacDougald, Troutman & Arkwright, Spalding, Sibley, Troutman & Brock, Sumter M. Kelley, William S. Shelfer,* and *W. D. Thomson,* for defendants.

GRICE, Justice. None of the rulings announced in the headnotes will be enlarged upon, except the third and fourth.

The anomalous character of the deed to secure debt was commented upon in *Shumate* v. *McLendon,* 120 *Ga.* 396, 399-401 (48 S. E. 10). It was there observed that it seems to be peculiar to the law of this State, and that "its legal status has been fixed by judicial decisions considering alone the nature of the instrument, and, in many cases, paying little or no regard to analogies." Contrary to the rule at common law, mortgages in this State pass no title. Code, § 67-101. Therein lies the chief distinction between a mortgage and a security deed. The one is a lien; the other passes title. Powell on Actions for Land, § 386; *Williamson* v. *Orient Insurance Co.,* 100 *Ga.* 791 (28 S. E. 914), and cit.; *Ashley* v. *Cook,* 109 *Ga.* 653, 655 (supra), and cit. Apparently our first legislative enactment on the subject is the act approved December 12, 1871 (Acts 1871, pp. 44-45). That act, among other things, provided in effect that when any person conveys real property to secure any debt, such conveyance shall pass the title, "and shall be held by the courts of this State to be an absolute conveyance, with the right reserved by the vendor to have said property reconveyed to him upon the payment of the debt or debts intended to be secured, agreeable to the terms of the contract, and not a mortgage." That act, however, made no provision for the creditor to sell the property in payment of his debt. The following year our lawmakers amended the act of December 12, 1871, by adding "that *when any judgment shall be rendered* in any of the courts of this State *upon any note or other evidence of debt,* which such conveyance of realty was made and intended to secure, it shall and may be lawful for the vendee to make and file and have recorded in the

clerk's office of the superior court of the county wherein the land lies, a good and sufficient deed of conveyance to the defendant for said land; and if the said obligor be dead, then his executor or administrator may, in like manner, make and file such deed without obtaining an order of the court for that purpose; whereupon the same may be *levied on and sold under said judgment,* as in other cases; provided, that *the said judgment* shall take lien upon the land prior to any other judgment or incumbrance against the defendant." (Italics ours.) Acts 1872, p. 47. The act of 1872 has never been repealed. A part of it is codified as section 67-1301, but the portion above quoted is omitted.

In 1894 (Acts 1894, p. 100) was passed an act the title whereof was "An act to provide for the levy and sale of property where the defendant in fi. fa. has an interest therein but does not hold the legal title thereto, and to provide for the distribution of the proceeds arising from such sale; and for other purposes." It made no reference to the act of 1871 or the act of 1872, supra. It is codified as section 67-1501; and instead of the language of the act of 1872, "when any judgment shall be rendered . . upon any note or other evidence of debt which such conveyance of realty was made and intended to secure," the language of the Code is, "and the purchase-money or secured debt has been reduced to judgment," with a further provision that after a sale "the proceeds shall be applied to the payment of such judgment." The act of 1872, supra, in our opinion contemplated a judgment in personam; for it was to be a judgment "upon any note or other evidence of debt." We are strengthened in this view by the proviso, "that *said judgment* shall take lien upon the land prior to any other judgment or incumbrance *against the defendant."* (Italics ours.) Since that portion of the act of 1872 has never been expressly repealed, although omitted from the Code, we conclude that it would not be correct to hold that in codifying the act of 1894 (Code, § 67-1501) the words therein, "and the purchase-money or secured debt has been reduced to judgment," means other than a judgment on the debt, i. e., a personal judgment against the defendant for the amount of the debt. The language is consistent with this view. Indeed this position is strengthened by a reference to the latter part of the section, to wit, "and thereupon the same may be levied upon and sold as other property of said defendant, and the proceeds shall be applied to the payment of such judgment."

534

■ We recognize the principle, as contended for by counsel for the defendant in error, that a judgment may be good in part and bad in part, and the fact that the scope of the judgment did by its terms embrace a general judgment in personam against the defendant would not in a proper case destroy its efficacy as a means of subjecting the property by enforcing the security. *Harvard* v. *Davis,* 145 *Ga.* 580, 584 (89 S. E. 740). We are not holding this sale void because of the invalid ingredient in the judgment that it was to operate as such in personam, but because the entire judgment was void. The act approved December 14, 1895 (Acts 1895, pp. 42-43; Code, § 81-205), was not intended to be used in such a proceeding as that instituted by the defendant in error in the city court of Atlanta under the Code, § 67-1501. Whether or not the act last referred to can be applied in any instance except in equity cases presents a question broader than that made by the facts of this record. By its own terms, however, it does not reach a case of the character of the one before us. It is insisted that subsection 3 of the act authorizes what was here done. Omitting the other sections, the act reads as follows: "Where any non-resident or person unknown claims or owns title to, or an interest, present or contigent, in any real or personal property in this State, service on such non-resident or unknown owner or claimant may be made by publication in cases affecting such property where proceedings are brought. . . 3. To establish, enforce, or foreclose liens thereon." The answer to this contention is that this was not a proceeding brought to establish, enforce, or foreclose a lien on the property. It was a suit by one holding, not a lien, but title. Its object was to have the property sold and the proceeds of the sale applied to a judgment it sought to obtain against the debtor on the secured debt. Neither the title of the act of 1894 (supra) nor that part of its body dealing with this subject mentions the word "establish," "enforce," or "foreclose," or even the word "lien." The title of the act of 1894, as hereinbefore pointed out, was "to provide for the levy and sale of property," etc., and "to provide for the distribution of the proceeds arising from such sale, and for other purposes." It is true that an addition to a prayer for a general judgment against the defendant for the amount of the debt and taxes paid by it, and another for an order directing service by publication, a third prayer was for "a special judgment against and upon said

real estate setting up and establishing a lien thereupon for the amounts herein stated and for which this suit is brought." The verdict of the jury and the judgment of the court undertook, among other things, to give effect to this prayer. This prayer, however, could not change the character of the suit, nor could the verdict or judgment, one or both, give vitality to the inherent weakness of the proceeding. *Irons* v. *American National Bank*, 178 *Ga.* 160 (172 S. E. 629), is relied on by defendant in error. That decision does not sustain counsel. That was a petition to foreclose a security deed as an equitable mortgage. The parties were in a court of equity. The creditor here pursued no such remedy. Compare headnotes 3 and 4(*d*) of the *Irons* case; *Burgess* v. *Ohio National Life Insurance Co.*, 177 *Ga.* 48 (169 S. E. 364).

*Judgment reversed. All the Justices concur.*